CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

**SEP 1 6 2013**

JULIA C. DUDLEY, CLERK
BY: HMcDonald.
DEPUTY CLERK

1   Christopher B. Julian

2   474 Orchard View Drive

3   Ararat Virginia, 24053

4   980-254-1295

5   Christopher.b.julian@gmail.com

6   Pro Se   *Plaintiff*

7                 **UNITED STATES DISTRICT COURT**

8          **FOR THE WESTERN DISTRICT OF VIRGINIA**

9                        ***DANVILLE DISTRICT***

10

11  CHRISTOPHER B. AND RENEE G.          )
                                         )   Case Number: 4:13CV00054
12   JULIAN                              )
                                         )
13              Plaintiff(s),            )   ***Complaint***
                                         )
14        vs.                            )
                                         )
15  USDA Farm Service Agency Farm Loan   )
                                         )   **Demand for Jury Trial**
16  Officer James Rigney                 )
                                         )
17  USDA Farm service Agency Farm Loan   )
                                         )
18  Manager Ronald A. Kraszewski         )
                                         )
19  Virginia Agricultural Mediation Program )
                                         )
20  Project Director Wanda Johnson       )
                                         )
21  USDA Farm Service Agency State Executive )
                                         )
22  Director J. Calvin Parrish           )
                                         )
23  United States Department Of Agriculture )
                                         )
24  USDA National Appeals Division Jerry L. )
                                         )
25  King Hearing Officer                 )
                                         )
26  USDA FSA National FOIA/PA Barbara     )
                                         )
27  Mclean P/A Specialist                )
                                         )
28  USDA Farm Service Agency Deputy      )

TITLE OF DOCUMENT:___Complaint_____      CASE NO.:_____

Administrator for Farm Loan programs

Chris P. Beyerhelm

USDA National Appeals Division

Director Roger Klurfeld

       Defendant(s).

---

**1. Parties in this Complaint**

    **a. PLANTIFF(S)**

Christopher B. and Renee G. Julian

474 Orchard View Drive

Ararat Virginia, 24053

980-254-1295

**2.    b. DEFENDANTS**

**Defendant 1**:

USDA Farm Service Agency Farm Loan Officer

James Rigney

1983 US Hwy 29, Suite D

Chatham. Virginia 24531

**Defendant 2**:

USDA Farm Service Agency Farm Loan Manager

Ronald A. Kraszewski

19783 US Hwy 29 Suite D

Chatham, Virginia 24531

**Defendant 3**:

Virginia Agricultural Mediation Program

Virginia State University

Project Director Wanda Johnson

TITLE OF DOCUMENT:___Complaint      CASE NO.: _____

1  P.O. Box 9081

2  Petersburg, Virginia 23806

3  **Defendant 4:**

4  USDA Virginia Farm Service Agency

5  Virginia State Executive Director  J. Calvin Parrish

6  1606 Santa Rosa Road, Suite 138

7  Richmond, VA 23229

8  **Defendant 5:**

9  U.S Department Of Agriculture

10  1400 Independence Ave, S.W.

11  Washington, DC 20250

12  **Defendant 6:**

13  USDA National appeals Division

14  Jerry L. King Hearing Officer

15  193 Downing Street

16  Roanoke, Virginia 24019

17  **Defendant 7:**

18  USDA FSA National FOIA/PA Office Barbara McLean P/A specialist

19  RM, 3617-South AG Stop 0506

20  Washington, DC 20250

21  **Defendant 8:**

22  USDA Farm Service Agency Deputy Administrator for Farm Loan Programs

23  Chris P. Beyerhelm

24  Farm Service Agency stop 0520

25  1400 Independence Avenue SW

26  Washington, DC 20250-0520

27  **Defendant 9:**

28  TITLE OF DOCUMENT:___Complaint_____    CASE NO.:_____

USDA Natinational Appeals Division

Roger Klurfeld Director

3101 Park Center Drive,  Suite 1100

Alexandria, Virginia 22302

**3. Jurisdiction**

**Jurisdiction is proper in this court for the following:**

a. U.S.C. 28 1361 .

b. Christopher B and Renee G. Julian hereafter  "The plaintiff(s) " in this matter are residents of the state of Virginia, in the town of Ararat and the county of Patrick.

**c.** The USDA it's affiliates and individuals named as defendants above hereafter "USDA et al" are defendant(s) in this matter.

**4. Allegations:**

**5.** On November 28th 2012 "USDA et al" mailed via certified US mail a declination letter denying the plaintiff(s) a Farm Ownership "F/O" Loan.  The declination letter had multiple "wanton", "negligent", material misrepresentations of fact given as explanation for denial of the application for an F/O loan. Additionally, there were multiple fraudulent citations of the Code of Federal Regulations "CFR" and the FSA Farm Ownership F/O Loan program handbook 3 FLP (Rev2) Amend 4. Plaintiff(s) allege that these representations were intentionally altered to deceive the applicants and having been fraudulent in nature and presented through the US Postal service constituted mail fraud. **Exhibit A.** is said letter. **Exhibit B** shows the regulations and rules compared to the presentation in **Exhibit A.** Exhibits have been provided on DVD.

**6.** The Declination letter of November 28, 2013 was accompanied with instructions providing options to challenge the denial decision one of which was mediation through the Virginia Agricultural Mediation Program with Virginia State University. However, intentional or not it was negligent as it was not the correct venue for mediation at the time the communication was

TITLE OF DOCUMENT:___Complaint_____        CASE NO.: _____

sent. The "USDA et al" had revoked the States mediation certification as of October 1ˢᵗ 2012 according to the States Program Director.  See **Exhibit A** and refer to second email in **Exhibit C** dated January 28, 2013.

**7.** Plaintiff(s) chose to pursue mediation for the following reasons. The application had been denied 8 working days after having been marked complete. Plaintiff(s) were aware at the time of receiving the declination that no credit report had been pulled. Plaintiff(s) had been expecting a call to perform appraisals and none had been done. Plaintiff(s) reviewed the denial explanations and discovered the material false representations of the Code of Federal Regulations and rules from the loan program handbook and felt each and every reason given to be inaccurate, false, or inappropriate application of the rules and regulations. The farm loan manager, whom we had never met, signed the declination letter and upon performing a Google search Plaintiff(s) discovered he lived or had lived in the adjacent county, which raised concerns for Plaintiff(s). See **Exhibit D** Page 3. and 4. For dates and signatures. See **Exhibit E** for Google search.

**8.** On December 10ᵗʰ 2012 Plaintiff(s) mailed a letter to the State Mediation Program as directed, requesting mediation and explaining our objections to the denial justifications. **Exhibit F** By January 7ᵗʰ 2013, we had not received any communication(s) at all regarding our mediation. This was disconcerting to Plaintiff(s) given the seriousness of the situation. Plaintiff(s) located the name and phone number on the Arizona State University web site for the Virginia Mediation Program Director Wanda Johnson and contacted her by phone.  On this phone call the Program Director informed us they had received our mediation request but had not done anything due to the holidays. Plaintiff(s) were informed on that call that our mediation would be scheduled within days likely with a mediator from Wytheville VA. On January 9ᵗʰ 2013, Plaintiff(s) emailed the program director to get assurance that the time clock kept by the "USDA et al" for mediation had effectively been stopped when the program director received our mediation request. Plaintiff(s) received an email from the program director confirming that our mediation

TITLE OF DOCUMENT:___Complaint_____        CASE NO.:_____

1  request was timely and the clock had been stopped and stated that we would likely get mediation

2  confirmed on January 10th 2013. See **Exhibit C** First Email Dated January 10 2013. Hearing

3  nothing with no communication from the mediation program or the "USDA et al" and having

4  made multiple unanswered calls to the Program Director, we contacted the "USDA et al"

5  through online assistance on January 24th 2013 and during the email exchange with them

6  Plaintiff(s) learned that the Virginia State Mediation program had lost it's "USDA et al"

7  mediation certification and that "USDA et al" Pete Adamson Farm Loan Chief for Virginia had

8  just been made aware 1. That plaintiff(s) mediation request had not been acted on.  2. The

9  Virginia State University had lost it's "USDA et al" mediation certification. See **Exhibit G**. Page

10  4 of 6 dated January 24, 2013. Subsequently, Plaintiff(s) asked the Program Director for further

11  information and were informed that certification had actually been lost October 1st 2012. Refer to

12  **Exhibit C** for email dated January 28, 2013 therefore, recklessly, fraudulently, maliciously or

13  negligently the Virginia State Program director made material misrepresentations of fact to the

14  Plaintiff(s). Given our assumption that "USDA et al" personnel often work with the Mediation

15  Program Director we had to ask ourselves 2 questions. 1. Did "USDA et al" personnel

16  intentionally direct Plaintiff(s) to a mediation program they knew was no longer valid? 2. Was

17  there conspiracy to defraud the Plaintiff(s) between the mediation Program Director and "USDA

18  et al" personnel?

19

20  **9.** Once the Plaintiff(s) submitted our issues to the "USDA et al" through the online system,

21  Plaintiff(s) received a communication from "USDA et al" Virginia State Executive Director J.

22  Calvin Parrish. **Exhibit H.** The communication was written as if it was an initial response to our

23  mediation request and did not acknowledge any issue had occurred with the State mediation

24  program run by the Virginia State University.

25

26  **10.** The Mediation process was arranged by Plaintiff(s) through the North Carolina Agricultural

27  Mediation Program "NCAMP" and the process moved slowly, delayed by "USDA et al"

28

TITLE OF DOCUMENT:___Complaint_____        CASE NO.:_____

personnel. Plaintiff(s), knowing a credit report had never been obtained requested "USDA et al" personnel provide a copy of the credit report used in making the loan decision. Both through NCAMP and by letter to "USDA et al" Calvin Parrish On February 5th 2013 **Exhibit I**. On February 8th we reminded NCAMP of our request for the credit report and NCAMP requested it from "USDA et al" James Rigney **Exhibit J** page 1 email from Joan Kimmel dated February 8, 2013 On February 8, 2013 "USDA et al" made a hard pull of Plaintiff(s) credit report in violation of the Fair Credit Reporting Act "FCRA". "USDA et al" James F. Rigney presented the February 8th 2013 report to Plaintiff(s) as if it were the requested copy of the credit report used in making the loan evaluation. **Exhibit K** Page 1 Plaintiff(s) allege that "USDA et al" collected a fee with the loan application specifically for the acquisition of a credit report - a report they did not obtain prior to declining the loan. **Exhibit L** pages 1 & 2 Plaintiff(s) contend that program rules specifically require the loan officer upon marking a loan application complete to obtain a credit report. **Exhibit M.** Therefore, "USDA et al" committed fraud in accepting payment for a service never provided.

**11.** Plaintiff(s) were asked to sign 2 agreements for the purpose of mediation. 1. An agreement to mediate. 2. A confidentiality agreement agreeing to keep information learned during mediation confidential. **Exhibit N.** Prior to the meeting Plaintiff(s) requested from NCAMP signed copies of the agreements signed by "USDA et al". Plaintiff(s) stated a desire to ensure that all parties were entering into this agreement on an equal basis. NCAMP responded that the agreements were for administrative purpose only. Plaintiff(s) stated that the agreements contained specific legal agreements and wanted copies prior to mediation. **Exhibit O**. Plaintiff(s) learned after mediation that "USDA et al" personnel have sovereign immunity. Consequently, Plaintiff(s) allege that these agreements are based on fraudulent inducement. That in fact sovereign immunity is revocable only by congressional action and therefore, in signing these agreements "USDA et al" personnel gave nothing and factually cannot be held accountable for breach of the agreements. Plaintiff(s) believe that every time "USDA et al" personnel enter into these

TITLE OF DOCUMENT:___Complaint_____    CASE NO.:_____

1   agreements it is factually fraud in the inducement. That under contract law, this makes the

2   agreements null and void and could be grounds for a class action lawsuit against "USDA et al"

3

4   **12.** Mediation was delayed until February 27 2013 by "USDA et al" and was a waste of time and

5   Plaintiff(s) money although, during mediation "USDA et al" personnel dropped item 3 in

6   paragraph 4 as a reason for denial of the loan.  A pre hearing with a NAD hearing officer was

7   scheduled for March 19th, 1 day prior to the deadline set by NAD for presentation of arguments.

8   In the Pre Hearing plaintiff(s) were informed that item 3 in paragraph 4 would not be allowed as

9   a discussion point in our hearing. Plaintiff(s) objected to this contending that every line item in

10  the declination letter to be evidentiary and supportive to our burden of proof in this matter.

11  Following multiple request inclusion in the hearing was denied by "USDA et al" Jerry L. King

12  hearing officer. During the pre hearing Plaintiff(s) requested a ruling on which rendition of page

13  7-2 Par 131 C of 3-FLP would be applicable in our case. The rule had been changed on October

14  20, 2011. Plaintiff(s) dwelling had been substantially designed in 2008, and construction efforts

15  began in 2008. The alteration of the rule required that a dwelling not only meet family needs but

16  also be modest in size, cost, and design. "The prior version of the rule had been either or"

17  However, the altered rule is grammatically broken as written in the handbook Either was not

18  removed but the or was changed to and. It therefore expresses the existence of an alternative to

19  this requirement, but none is given.  We provided this information in the pre hearing but the

20  hearing officer would not accept the statement as fact that the rule was actually broken insisting

21  that it was simply a matter of interpretation. **Exhibit P** (note long audio file of the pre hearing).

22  Plaintiff(s) reluctantly accepted the hearing officers decision that the rule would be applied as

23  written between the time of application and declination of the loan.  Given the rule-required

24  control over design of a dwelling it seemed to Plaintiff(s) more appropriate that the rule in place

25  at the time of design was appropriate.  Plaintiff(s) took this ruling to mean three things. 1. That

26  factually the rule was broken and presented an alternative that did not exist which would

27  preclude it from being used as written for denial. 2. The rule as written prevented us from

28

TITLE OF DOCUMENT:___Complaint_____    CASE NO.: _____

1  making the argument that the dwelling met our families needs because our dwelling would be

2  perceived as more than modest in size, cost and design. 3. That the rule as written would prevent

3  "USDA et al" from using as an argument that the dwelling was more than adequate to meet

4  family needs because as written - we would not be able to challenge that contention. While

5  Plaintiff(s) dwelling might be perceived to be more than modest in size, cost and design, the fact

6  is nothing could possibly have met the families' needs anymore than the welfare of this dwelling.

7  Plaintiff(s) had all of their net worth invested in the farm and dwelling as well as 7 years of their

8  labor and efforts. Furthermore, Plaintiff(s) contend that the rule was, is, and has been for all

9  relevant times inapplicable to the loan as requested. Plaintiff(s) Loan request was entirely for

10  capital improvements to a farm and dwelling owned by the applicant. That based on the rules as

11  written improvements to an existing dwelling are not subject to the means test on a dwelling. The

12  hearing officer extended the time frame for briefs however; plaintiff(s) felt it prudent to meet the

13  deadline March 20 2013 as stated by the National Appeals Division " NAD" Appeal notice of

14  March 4, 2013. **Exhibit Q** Plaintiff(s) having already prepared briefs with allegations of

15  prejudice, fraud, negligence and inappropriate access to credit files in violation of FCRA causing

16  irreparable damage to plaintiff(s) credit profile submitted the briefs as prepared on March 20,

17  2013.

18

19  **13.** On March 22, 2013 Plaintiff(s) wrote to the "USDA et al" and requested that they reconsider

20  including in the hearing discussion the third reason given for denial. **Exhibit R.** Plaintiff(s)

21  believe this item added significant wait to the argument that "USDA et al" had been "wanton",

22  "negligent", "fraudulent", "incompetent" and "prejudicial" in their evaluation of our loan request

23  and that these characteristics are prevalent throughout all of the reasons given for denial.

24  Plaintiff(s) believe denying inclusion of this item in the discussions was in conflict with program

25  rules specifically 1-APP(Rev.2)Amend.1 Par.96 A, B and C. **Exhibit S.** Plaintiff(s) did not have

26  any outstanding debt secured by real estate and this was evidenced by the schedule of liabilities

27  **Exhibit T** provided with the application and would additionally, have been evidenced by a credit

28

TITLE OF DOCUMENT:___Complaint_____    CASE NO.:_____

1    report had "USDA et al" actually acquired one and is evidenced by the Credit report illegally

2    acquired on February 8, 2013 in **Exhibit K.**

3

4    **14.** On March 28, 2013 "USDA et al" responded to our request for reconsideration and again

5    denied the inclusion in the hearing discussions. This communication additionally, informed us a

6    NAD hearing was not the appropriate place to present allegations of misconduct, waste, fraud, or

7    abuse by "USDA et al" personnel. It furthermore implied that our allegations of prejudicial

8    treatment was discrimination and needed to be taken up with the "USDA et al" Office of civil

9    rights. **Exhibit U.** However, Plaintiff(s) have since learned we are not in a class that can be

10   subjected to discrimination based on "USDA et al" eligible discriminatory classes. These

11   constraints on the presentation of our case prevent holding "USDA et al" personnel accountable

12   or responsible for their actions or competence in making their loan denial decisions or the

13   presentation of those decisions to "Plaintiff(s). Plaintiff(s) allege this is a civil rights denial of

14   due process. That while "USDA et al" conducts these hearings as if they were a court they do so

15   in a manner that shields personnel from accountability and responsibility, they hide behind

16   sovereign immunity while denying Plaintiff(s) basic civil rights in presenting facts and denied

17   Plaintiff(s) rights to due process.

18

19   **15.** On March 13' 2013 "USDA et al" submitted the agency record to the "USDA et al" hearing

20   officer and copied Plaintiff(s). With close to a 100 pages provided to "USDA et al" with the F/O

21   Loan application. "USDA et al" submitted for the record 1 page out of a 3-page document and a

22   copy of Plaintiff(s) house plans as the items they reviewed in denying Plaintiff(s) loan

23   application. **Exhibits V 1 & 2** "USDA et al" stated in this communication that Plaintiff(s) had

24   requested to pay living expenses with the loan. This was not true and is evidence of "USDA(s) et

25   al" lack of proper educational training and failure to discuss any aspect of the loan request with

26   the Plaintiff(s). Plaintiff(s) allege "USDA et al" intentionally did not present the other 2 pages of

27   the original document as it contradicted there claim as did the schedule that we had requested

28   TITLE OF DOCUMENT:___Complaint_____    CASE NO.:_____

1    living expenses be paid with Loan Funds. "USDA et al" knew or should have known that this

2    allegation was not true. "USDA et al" contended in pre hearing that a request to pay labor was

3    the same as a request for living expenses. Refer to **Exhibit P** This is also stated on the

4    declination letter. **Exhibit A** "VIA paying oneself for labor" "USDA et al" additionally

5    formulated a complaint that Plaintiff(s) dwelling was more than adequate to meet family needs.

6    However, because of the pre hearing rulings Plaintiff(s) were not given an opportunity for

7    rebuttal of this contention.

8    _____

9    **16.** Plaintiff(s) made multiple FOIA request to "USDA et al" Farm Service Agency State

10   Executive director J. Calvin Parrish and the answers to these request were in some cases

11   provided with inaccurate information, no information, or information which indicated negligence

12   of the agency in their business processes, educational training and procedures. **Exhibit W** shows

13   the FOIA request and a line item response to the request except the request for resume and

14   training histories. Plaintiff(s) have, until recently assumed that the response for audit reports

15   (item 1) on our application indicated no audit reporting was available. However, in preparing this

16   pleading several factors led Plaintiff(s) to ask if no audit reports were available because "USDA

17   et al" personnel may not have ever entered Plaintiff(s) application information into the loan

18   origination system DLS. The following facts lead Plaintiff(s) to ask this question. The agency did

19   not produce as part of the Agency Record any of the original loan application documents. The

20   failure to pull a credit report may have occurred from failure to make entry to the system. The

21   Lack of Audit reports may be because there was nothing on the system to report off of.

22   Plaintiff(s) have recently requested FOIA information on the system and requested to view the

23   loan documents on the system and are still awaiting a response. In item 2 Plaintiffs were given

24   copies of the communications sent by "USDA et al" personnel however, the information needed

25   to make an assessment on the timing of those communications (when the documents were

26   actually printed was not provided). Item 3 Plaintiff(s) allege these documents show the agency

27   has no specific procedures for handling the mediation program when the state looses it's

28

TITLE OF DOCUMENT:___Complaint_____    CASE NO.: _____

1    mediation certification. Plaintiff(s) allege this is negligent and impacted the timing and handling

2    prolonging plaintiff(s) administrative process causing financial and emotional stress. Plaintiff(s)

3    allege that for Item 4 "USDA el al" provided documentation on procedures or preparation of

4    Loan Approval and none on preparation of a Loan denial letter. Plaintiff(s) allege this was

5    'negligent' or malicious since such documentation did exist. Furthermore, Plaintiff(s) allege this

6    documentation is seriously deficient and negligent in failing not to require employees to cite the

7    Code of Federal Regulations or their own program rules without alteration.  Item 5 Plaintiff(s)

8    allege this item was a single PDF program manual but was not provided for plaintiff(s) review

9    until April 22, 2013 4 days after the hearing by "USDA et al" Barbara McLean FOIA/PA

10    Paralegal Specialist **Exhibit AC** Plaintiff(s) allege this PDF documentation shows multiple

11    review processes in place to ensure the accuracy of rules in the program manuals. The

12    incomprehensible rule being interpreted extremely broad to deny plaintiff(s) application was

13    reviewed and signed off on by "USDA et al" Farm Service Agency Deputy Administrator of

14    farm loans Chris P. Beyerhelm. Plaintiff(s) allege that it was negligent for this rule with

15    grammatical errors and vague and confusing language to ever be published and to have been

16    maintained in the manuals for over a year. From the resumes and training histories provided to

17    Plaintiff(s); Plaintiff(s) allege that "USDA et al" has not required Farm Service Agency Farm

18    Loan Manager Ronald A. Kraszewski or Farm Service Agency Farm Loan Officer James Rigney

19    to have the appropriate education or training for their job responsibilities and is therefore,

20    negligent in the administration of the Farm Service Agency Farm Loan Program.

21

22    **17.** In prehearing filings to the hearing officer "USDA et al " personnel made repeated numerous

23    allegations attempting with false information and allegations to influence the hearing officer that

24    Plaintiff(s) had requested living expenses with their loan request. There are other additional

25    material misrepresentations of fact attributable to "USDA et al"(s) lack of educational and

26    program training as well as lack of knowledge of the programs manuals. These are exhibited in

27

28    TITLE OF DOCUMENT:___Complaint_____    CASE NO.:_____

the Farm Service Agency filings to the Hearing Officer **Exhibit X 1 and X 2.**

**18.** In the hearing on April 17 2013 the hearing officer informed and each individual testifying confirmed that they were giving testimony under penalty of perjury. **Exhibit Y** Audio recording of the hearing. On 2 separate occasions during the hearing "USDA et al" personnel Ronald A. Kraszewski testified he had conversations with the Plaintiff(s) where Plaintiff(s) had requested to use loan funds for living expenses. Plaintiff(s) allege this to be perjury and consequently, a deliberate attempt to obstruct justice. Plaintiff(s) have recordings (admissible or not) of every conversation they ever had with this individual. Additionally, Plaintiff(s) documented in writing prior to mediation they had never corresponded with this individual. See **Exhibit G** Page 2 Par 5. Plaintiff(s) further documented in the hearing briefs mailed on March 20th Plaintiff(s) had never heard of Ronald A. Kraszewski prior to receiving the declination letter. **Exhibit Z** page 10 last paragraph. Plaintiff(s) could not have known at the time "USDA et al" Ronald A. Kraszewski would testify to the contrary. The fact that "USDA et al" personnel classified Plaintiff(s) request to use loan funds to pay labor as living expenses is additionally documented on the declination letter itself. **Exhibit A.** "Via Paying oneself for labor"

**19.** Plaintiff(s) allege that throughout the pre hearing and hearing the "USDA et al" National Appeals Division Hearing Officer attempted to find justification anyway possible to justify the findings of "USDA et al" and consistently attempted to intimidate Plaintiff(s) Plaintiff(s) allege the findings by the hearing officer were materially lacking in responding to Plaintiff(s) arguments. The hearing officer provided no logical support for his findings, no substantive argument to support his conclusions. **Exhibit AE** No factual rebuttal or even mention of our arguments to the rules inapplicability to improvements to an existing dwelling. The one attempt to justify the ruling was that the Agency was due significant deference in interpreting the agencies own rules. As to Plaintiff(s) argument that the rule was broken it was completely ignored. Basically, we found the hearing officers justification simply to be because he says so.

TITLE OF DOCUMENT:___Complaint_____    CASE NO.: _____

Plaintiff(s) note that the hearing officer did find Plaintiff(s) had never requested living expenses, which should be equivalent to finding perjury on the part of "USDA et al" personnel Farm Service Agency Farm Loan Manager Ronald A. Kraszewski.

_____

_____

**20.** On June 17th 2013 Plaintiff(s) filed for a Director review with NAD and concurrently filed the complaints of Fraud, Negligence, and Perjury, with the USDA Office of Inspector General as previously directed by "USDA et al" National Appeals division Hearing Officer Jerry L. King. Additionally, Plaintiff(s) filed the complaint with the "USDA et al" Office of assistant secretary for civil rights and with the Consumer Financial Protection Bureau. **Exhibit AD**

_____

**21.** On July 24th 2013 the Director of the National appeals division issued his ruling on our review request. Plaintiff(s) were dismayed by the director's findings. The director stated in his findings material misrepresentations of fact. That Plaintiff(s) dwelling was not on the farm and that plaintiffs had argued the rules were not applicable to our case for this reason. **Exhibit AA** This was completely inaccurate to our knowledge. To plaintiff(s) knowledge our dwelling has been and always was for all relevant times on the farm as stated multiple times in our hearing briefs. Again Plaintiff(s) do not believe the rule being applied is applicable at all to improvements to an existing dwelling. The statement that we would make the argument that the rules were inapplicable based on our dwelling not being on the farm is a false, inaccurate and unconscionable statement. It provides absolutely no comfort in the review process or in the documentation the Director had to review. Once again the review focuses on whether the dwelling adequately meets family needs - a contention which we were not afforded the opportunity to argue. Plaintiff(s) further note that during the hearings Plaintiff(s) were asked if the dwelling was more than modest in size cost and design but never once asked about the dwelling meeting our family needs. Although, we did make some arguments to that fact in our original briefs of March 20th 2013 **Exhibit Z** as they had been prepared prior to the ruling on

TITLE OF DOCUMENT:___Complaint_____    CASE NO.:_____

1  which version of the rule was applicable. Plaintiff(s) noted that although we had been told in the

2  Pre-Prehearing Plaintiff(s) could take the case to federal court the directors review did not

3  convey any further rights plaintiff(s) had to contest the agency's actions. **Exhibit AB** Plaintiff(s)

4  learned in early September of their right to Judicial review and have been unable to find any

5  information on how long plaintiff(s) have to make such a request.

6

7  **22.** On July 25, 2013 having received absolutely no communication from any other agency than

8  the Consumer financial protection bureau, Plaintiff(s) began efforts to find out if the Office of

9  Inspector General and the office of civil rights had our complaints. Repeated phone calls were

10  made to both of the offices and the complaints were not found. The office of civil rights

11  repeatedly replied they would get back to us and never did. The Office of Inspector General

12  asked us to resubmit our complaint. Finally, only after filing complaints electronically through

13  the Internet with confirmation did either of these offices respond.  Based on the response from

14  the "USDA et al" Office of Adjudication plaintiff(s) believe they're not in a class, which can be

15  considered for discrimination, based on "USDA et al" program rules. This was however used to

16  tell us not to make charges of prejudice during our hearing. If prejudicial treatment cannot be

17  discrimination then it must be allowed in the presentation of Plaintiff(s) case It is inappropriate

18  to dismiss prejudicial treatment completely. "USDA office of inspector general has assigned our

19  case, case #PS-5099-0454.

20

21  **23.** Based on the facts presented above as well as responses to FOIA request and research done

22  through multiple "USDA et al" program handbooks Plaintiff(s) assert the following allegations.

23  **A.** In violation of "USDA et al" documented procedures "USDA et al" did not obtain a credit

24  report in the process of their loan review. **B.** "USDA et al" charged an upfront fee for the

25  procurement of a credit report, which was not acquired. Together items **A** and **B** constitute fraud

26  in collecting payment for a service, which was not provided. **C.** "USDA et al" on February 8th

27  2013 made a hard pull of Plaintiff(s) credit report after being requested to produce a copy of the

28

TITLE OF DOCUMENT:___Complaint_____    CASE NO.: _____

1  report used in denying the loan application and presented it as said report. This was a violation of

2  the Fair Credit Reporting Act, an act of fraud, and caused irreparable damage to Plaintiff(s)

3  credit profile.  **D.** Upon FOIA request "USDA et al" was unable to provide any audit reports

4  from the loan origination system on the Plaintiff(s) loan application and therefore, any

5  verification as to whether "USDA et al" had forced the system to bypass a credit report check

6  was not possible. **E.** "USDA et al" sent by certified mail a declination letter that contained

7  multiple fraudulent representations of the Code of Federal Regulations, "USDA et al" program

8  handbook rules, and multiple material misrepresentation's of fact. The presentation of the

9  Federal Regulations and program rules had obviously been altered with intent to deceive the

10  applicant and conceal pertinent facts. **F.** "USDA et al" presented Plaintiff(s) with a declination

11  letter directing them to request mediation services from the Virginia State Mediation Program;

12  however, "USDA et al" had previously revoked the programs certification. Based on program

13  rules in "USDA et al" program handbooks this was not the appropriate channel for a mediation

14  request to be made at the time. "USDA et al" was negligent in the administration of the

15  mediation program certification and handling of mediation program participant request. "USDA

16  et al" upon FOIA request did not provide any additional written procedures other than those

17  contained in the handbook for handling mediation request or changes to the Program

18  certification. There are no procedures in place when a certification is revoked by "USDA et al"

19  which is negligent and that there is no process in place for tracking mediation participant request

20  is also negligent given the sensitivity of these matters. No one at "USDA et al" ever made any

21  effort to discern what was transpiring with our mediation request. A serious breakdown in

22  communication occurred with regards to the mediation programs certification and this is

23  evidenced by the lack of the Virginia Loan Chiefs lack of knowledge, the end of January, 2013

24  that the program had lost certification. **G.** "USDA et al" Virginia state personnel did in fact

25  provide in writing to Plaintiff(s) a material misrepresentation of fact which was fraudulent in

26  nature. **H.**"USDA et al" did on numerous occasions in the filing of briefs redefine our request for

27  labor, calling it living expenses and attempt to claim that plaintiff(s) had requested living

28

TITLE OF DOCUMENT:___Complaint_____    CASE NO.: _____

expenses. To the extent these allegations were made to a hearing officer of government capacity

Plaintiff(s) consider these and other allegations to be attempts at obstruction of justice. In the

Hearing under penalty of perjury two distinct times "USDA et al " personnel testified they had

conversations with Plaintiff(s) where Plaintiff(s) requested the payment of living expenses.

Plaintiff(s) allege this was factually perjury. Plaintiff(s) would further assert that "USDA et al"

personnel had not been given appropriate training to discern the difference between labor cost

and living expenses and had not been properly trained for the positions they held and could not

appropriately evaluate the loan request submitted. I. On the declination letter in paragraph 2

reason1 for declination "USDA et al" personnel justified their reason for denial with a regulation

specific to a Farm purchase request. Plaintiff(s) had not requested funds to purchase a farm or

dwelling only to make capital improvements to a farm and dwelling already owned by the

Plaintiff(s). "USDA et al' in paragraph 4 declination reason 3 stated applicants had requested

Loan funds for the purpose of refinancing real estate debt. Plaintiff(s) had no real estate debt or

liens on the property or the dwelling at the time of application and this was evidenced on the

subsequent credit report pulled and the schedule of liabilities provided with the application.

These items show that "USDA et al" personnel did not have an understanding of the program

rules, their application, nor an understanding of the applicants loan request or they were

intentionally seeking to deceive the applicant. "USDA et al" produced this declination letter in 8

working days after marking the application complete during the Thanksgiving holidays and

never once asked a single question of the Plaintiff(s). Plaintiff(s) allege that the application was

given wanton, prejudicial, negligent, consideration and that the declination letter was produced

wantonly, prejudicially, negligently and fraudulently. Plaintiff(s) further allege the use of

certified mail to deliver this declination letter constituted mail fraud. Plaintiff(s) made a FOIA

request for any documentation "USDA et al" had on the preparation of a declination letter. From

the FOIA request none was provided however, plaintiff(s) found such documentation in "USDA

et al" program handbooks and discovered the handbooks do not instruct personnel to avoid

altering rules and regulations when presented. For an agency of the federal government which

TITLE OF DOCUMENT:___ Complaint _____    CASE NO.: _____

1   has been sued so many times for discrimination not to require personnel to cite the Federal
2   Regulations and program rules as written in their complete form is again negligent. Not requiring
3   them to present the code of the federal regulations as written is the equivalent of allowing them
4   to write their own laws and regulations. **J.** Plaintiff(s) allege the "USDA et al" runs an
5   administrative hearing process designed to shield "USDA et al" and it's personnel behind
6   sovereign immunity and avoid responsibility or accountability for negligent program
7   administration. Plaintiff(s) allege the process is designed to be burdensome and lengthy inflicting
8   excessive unnecessary hardship on appellants furthermore; the processes and appellant rights are
9   vague and not well defined. Plaintiff(s) allege the hearings are run and constructed to deny
10  appellants constitutional civil rights. Plaintiff(s) allege that the hearing officer ran the hearings
11  using intimidation and a bias toward finding anyway possible to justify the reasoning of "USDA
12  et al" personnel.  Plaintiff(s) allege that "USDA et al" administrative process is not interested in
13  whether the program has been properly administered but rather as a way of mitigating legal risk
14  for  "USDA et al". **K.** Plaintiff(s) allege that "USDA et al" stated as fact that testimony in the
15  hearing was under penalty of perjury however, when Plaintiff(s) requested "USDA et al"
16  personnel be held accountable for perjury Plaintiff(s) were instructed to take that up with their
17  attorney. **L.** Plaintiff(s) allege the one rule "USDA et al" has used to sustain denial of Plaintiff(s)
18  Farm Loan application is not and was not written to be relevant or applicable to the loan as
19  requested by Plaintiff(s). Plaintiff(s) further state that the rule was factually changed after the act
20  occurred that gave rise to the adverse decision. Plaintiff(s) assert that they objected to the altered
21  form of the rule being applied. Plaintiff(s) assert that "USDA et al" was informed at the time of
22  the decision the rule as altered contained a material error making the rule incomprehensible
23  based on the English language. Plaintiff(s) allege that the rule applied is materially different from
24  the Code of Federal Regulations. Plaintiff(s) allege these rules provide subject matter guidance to
25  personnel in the application of federal law and are reviewed and signed off on at multiple levels
26  before making publication. Therefore Plaintiff(s) further allege that "USDA et al" administration
27  was negligent in the publishing of this rule change and in failing to find and correct this
28

TITLE OF DOCUMENT:___Complaint_____   CASE NO.: _____

1  grammatical error, which most current word processing programs with grammar check can

2  identify. Furthermore, Plaintiff(s) allege that the rule has other vague and confusing language.

3  **M.** Plaintiff(s) allege that "USDA et al" unlawfully denied the Plaintiff(s) application for a

4  federal farm ownership loan. N. Plaintiffs(s) allege "USDA et al" has willfully ignored

5  Plaintiff(s) challenges to avoid monetizing the torts committed in this case.

6

7  **24.**Plaintiff(s) allege a conspiracy by "USDA et al" to deny Plaintiff(s) rights in a Federal Farm

8  Credit program. Plaintiff(s) have followed all administrative review procedures exhausting

9  administrative remedies of an adverse decision by "USDA et al" Plaintiff(s) seek judicial review

10  of the administrative record NAD case number 2013E000382 in the Matter of Christopher B.

11  Julian and Farm Service Agency in conjunction with this filing. Plaintiff(s) contend most all of

12  the allegations in this filing are made and evidenced by documentation in the administrative

13  record and in the Audio recordings of the Pre hearing and Hearing. Plaintiff(s) are in possession

14  of other audio recordings as described in brief filings of the administrative record and will be

15  submitted for evidence based on decisions of the court. Plaintiff(s) request that the court allow us

16  to review the administrative record for accuracy and completeness of appellant filings. This

17  request is made pursuant to the facts as stated in paragraph 21. Plaintiff(s) allege "USDA et al"

18  has abused it's Government powers as a Racketeer Influenced Corrupt Organization to steal the

19  constitutional rights of Plaintiff(s) have done so hiding behind sovereign immunity with the

20  intent to deny Plaintiff(s) lawful access to the Farm Loan Program. Plaintiff(s) allege "USDA et

21  al" has conspired to deny plaintiff(s) constitutional rights in an effort to make plaintiff(s) suffer

22  significant financial and emotional hardship over an extended period of time to avoid

23  accountability and responsibility for the "Wanton", "Reckless", "Negligent", "Fraudulent", and

24  "Criminal" acts of the Organization. Plaintiff(s) contend this is the epitome of tyranny and

25  oppression by a Government Agency established to serve the people but instead serves it's own

26  self-interest.

27

28

TITLE OF DOCUMENT:___Complaint_____    CASE NO.: _____

1  Request for Relief

2  Plaintiff(s) request that a jury be allowed to decide if "USDA et al" followed their rules in

3  determining plaintiff(s) eligibility as part of this overall complaint.

4

5  Plaintiff(s) have experienced significant, damage to their credit profiles, Financial hardship, Loss

6  of large long term life insurance policies total loss of their 2013 crop the most viable crop of our

7  farming history. Plaintiff(s) farming operation has suffered significant degradation and loss of

8  benefits which had accrued from tending the land the last 6 years. Loss of our first year of crop

9  insurance, loss of planned business opportunities, competitive edge in the rising demand for

10  vineyard products and the benefits that would have arose from that business development.

11  Plaintiff(s) have been relegated to homelessness with a 7 year old daughter in school and are now

12  receiving SNAP benefits free lunch. Plaintiff(s) have been forced to place their real estate

13  holdings on the market. Plaintiff(s) dwelling that resulted in the denial of benefits has sat open to

14  weather exposure and deterioration since the date of declination. Plaintiff(s) have suffered

15  significant emotional and financial distress attempting over a very long period to defend against

16  countless false and malicious allegations of the defendants attempting to obstruct justice while

17  attempting to find work and provide shelter and scrambling to reduce living expenses. Plaintiffs'

18  further lost significant tax advantages which would have accrued had the farm loan been funded.

19  Furthermore plaintiff(s) have lost significant life and liberty. Worst of all, is the theft of my

20  daughter's parental attention, love and affection resulting from the long term terrorist tactics of

21  psychological rape by this enterprise.

22

23  Multiple other individuals have been significantly harmed by the denial of this loan and should

24  therefore be compensated as well for their financial losses and suffering. These individuals and

25  their circumstances are as follows:

26

27

28

TITLE OF DOCUMENT:___Complaint_____   CASE NO.:_____

1   John Sailor: a migrant worker his whole life unable to obtain a birth certificate and consequently

2   a drivers license even though he has significant social security records and a previous drivers

3   license was released to unemployment 3 weeks prior to Christmas. John was to be one of the part

4   time associates to receive wages under the proposed use of loan funds and farming income. I

5   personally had picked John up and driven him to work for the last 3 years.

6

7   Cody Dalton: a young man suffering with diabetes which restricts his employment opportunities

8   also with no driver's license and whom I personally drove home after providing him work the

9   last 3 years. Cody to was released to unemployment 3 weeks prior to Christmas and was to be

10  provided with employment from the loan funds as well as farming income.

11

12  Dayl Dawson: a three-time cancer survivor with stage four cancers. Dayl assumed ownership of

13  a family home to avoid foreclosure more than ten years ago and listed this no bedroom home for

14  sale. Plaintiff(s) had rented said home for the last seven years but as a result of the loan denial

15  and other factors had to leave Dayl without renters. This left Dayl with mortgage payments on

16  two residents, the loss of her rental income as well as someone to take care of the property and

17  maintain it.

18

19  Jane A. Julian: Christopher Julian's 88 year old mother who was intended to live with us in the

20  house. Mrs Julian lives on a 1,200.00 dollar a month social security check and lives in a very

21  modest home in a neighborhood ruined by the governments development during the housing

22  boom with low income subsidized housing. Which destroyed the value of the only real asset she

23  had. Mrs. Julian lives frightened by the increased violence of her neighborhood. Mrs. Julian has

24  struggled and worried about her son and daughter in law and the only grandchild she has ever

25  lived close to. Additionally, Mrs. Julian has taken the shirt off her back to help provid food,

26  clothing and shelter to the plaintiff(s) as well as loaning plaintiff(s) what little spare funds she

27  had. Furthermore, Mrs. Julian has been alienated from her family and granddaughter who could

28  TITLE OF DOCUMENT:___Complaint_____    CASE NO.: _____

1  not afford to visit as a result.

2

3  Retha Graham: Renee G. Julian's 79 year old mother, a former tobacco farmer in Loris South

4  Carolina also living on a modest social security check in a very modest neighborhood and whom

5  plaintiff(s) hoped would one day also stay in the home with them. Mrs. Graham has like wise

6  suffered great worry and anxiety over the circumstances of her daughter, granddaughter, and son

7  in law.    Mrs. Graham has additionally provided food, clothing and significant financial

8  assistance in the form of loans to help Plaintiff(s) during the long administrative process.

9  Furthermore, Mrs. Graham has been alienated from her family and granddaughter who could not

10  afford to visit as a result.

11

12  Plaintiff(s) request 1 million dollars in damages for each month since January 1, 2013 and each

13  consecutive month until settlement.

14

15  Plaintiff(s) contend each of the above additional individuals has suffered hardship and loss of life

16  as a result of the reckless actions the USDA made in denying Plaintiff(s) farm loan. Plaintiff(s)

17  request each of these individuals be compensated with 1 million dollars for the damages to their

18  lives.

19

20  Plaintiff(s) request that all settlement amounts be net of taxes and that any tax consequences on

21  any recipient from this settlement be paid and in full by "USDA et al" and verified rendered by

22  the IRS.

23

24  Plaintiff(s) request that the courts require "USDA et al " to create and provide a complete and

25  comprehensive guide for appellant rights.

26

27

28

TITLE OF DOCUMENT:___Complaint_____    CASE NO.: _____

Plaintiff(s) request that the court require "USDA et al" to prosecute to the fullest extent of the law Ronald A. Kraszewski for perjury.

Plaintiff(s) request that "USDA et al" refund the 20.25 paid for a credit report with interest at 24.99%.

Plaintiff(s) request "USDA et al" refund the monies paid for Mediation services by Plaintiff(s)in the amount of 350.00 with interest at 24.99%.

Plaintiff(s) request attorney fees for self-representation

DEMAND FOR JURY TRIAL        YES

Signed this 16th day of September, 2013.

Signature of Plaintiff No. 1 _Christ̶er B. Jul̶_        Date: _9-16-2013_

Signature of Plaintiff No. 2 _Renee G. Julian_   Date: _9-16-2013_

TITLE OF DOCUMENT: ___Complaint___     CASE NO.: _____