Par. 96

**96   Evidence**

**A   Federal Rules of Evidence Inapplicability**

Any evidence may be received by the hearing officer **without** regard to whether that evidence could be admitted in judicial proceedings. Although the technical Rules of Evidence that regulate evidence submissions in judicial proceedings do **not** apply, the general objective of fairness and soundly reasoned determinations of fact do apply and are relevant to NAD appeal proceedings.

**B   Relevant Evidence**

<u>Relevant evidence</u> means evidence that has any bearing on any fact that is of consequence to the case or decision.

Evidence that is **not** relevant should **not** have a bearing on the issues in an appeal.

**C   Objections to Evidence**

Although the technical Rules of Evidence do **not** apply to NAD proceedings, objections in NAD hearings on the grounds of relevance, repetitiveness, or unfair prejudice are appropriate and should be made on the record when irrelevant or duplicative evidence is presented.

Example:   An appellant references or cites other NAD determinations in other cases. In response, FSA's representative should make a written or verbal objection to such attempt by the appellant. It is important that this objection be on the record. See Exhibit 41 for language for objections to parties referencing NAD cases in other decisions.

If the hearing officer accepts evidence into the record despite objections raised by FSA, the hearing officer will generally state for the record why the evidence is being accepted. If a hearing officer decides **not** to accept evidence into the record, the hearing officer will usually state why the evidence was rejected. The acceptance of evidence into the record is **not** indicative of the weight the evidence will have in the appeal. FSA representatives should ask the hearing officer to give little or no weight to unsupported statements or other questionable evidence. FSA should object to evidence **not** pertinent or relevant to an appeal. The fact that evidence is damaging to a party's position or case is **not** a valid reason for stating an objection unless it can also be argued that such evidence is prejudicial.