

UNITED STATES DEPARTMENT OF AGRICULTURE
OFFICE OF THE SECRETARY
NATIONAL APPEALS DIVISION

March 28, 2013

Christopher B. Julian
474 Orchard View Drive
Ararat, VA 24053

RE: Case No. 2013E000382

Dear Mr. Julian:

This is in response to your letter dated March 22, 2013. In your letter, you asked that I reconsider my ruling that I would not address Farm Service Agency's reason for loan denial indicating that you requested Farm Ownership (FO) loan funds to make loan payments, and that FO loan payments may not be used to make loan payments.

The rules governing National Appeals Division (NAD) hearings are found at 7 C.F.R. Part 11. Section 11.1 defines an adverse decision as a decision made by an officer, employee, or committee of an agency that is adverse to a participant. Section 11.10 provides that in making a determination on the appeal, the NAD Hearing Office and the Director shall ensure that the adverse decision made by an agency is consistent with the laws and regulations of the agency, and with the generally applicable interpretations of such laws and regulations.

The matter on appeal concerns whether the November 28, 2012, Farm Service Agency (Agency) decision to deny Farm Ownership (FO) assistance is consistent with applicable laws and regulations. I determined, in conference with the parties, that the core issues on appeal are the following:

1. Is Appellant's proposal to be paid $70,000 from loan funds an eligible FO expense?
2. Is Agency in accordance with the Code of Federal Regulations in denying FO assistance because a dwelling may be more than adequate to meet family needs?
3. If so, in this case, is Appellant's dwelling more than adequate to meet their family needs when considering size, cost and design, and thus not eligible for FO assistance?

I note in your exhibits that you indicate your home was already under construction before your application for a FO loan, you concede your dwelling may not meet FSA's definition of modest in size, cost, and design, and want FO funds to complete framing, roofing, windows and doors, siding, and boxing. Thus issues 2 and 3 above can be rephrased to whether FSA is in accordance with its regulations in denying FO funds for you to complete framing, roofing, windows and doors, siding, and boxing of a dwelling that is not modest in size, cost, and design, but was started prior to application for an FO loan.

The adverse decision indicated Appellant and Third Party requested FO loan funds to make loan payments, and that FO loan payments may not be used to make loan payments. During the prehearing held on March 19, 2013, FSA withdrew this issue as a reason for loan denial. Accordingly, this is not an issue on appeal and will not be addressed. You argue you need to address this issue in order to meet your burden of proof, and that FSA may have inappropriately accessed your credit report regarding this matter. As to meeting your burden of proof in a NAD hearing, you have no burden of proof regarding this issue because FSA withdrew this issue as a reason for denying FO assistance. As to FSA inappropriately accessing your credit report, below is information concerning any allegation of misconduct, waste, fraud, or abuse by FSA. This allegation will not be addressed during the NAD hearing.

To file a complaint, call the Office of Inspector General (OIG) Hotline at 1-800-424-9121 or 1-202-690-1622 or 1-202-690-1202 (TDD). A complaint can also be filed with the United States Department of Agriculture, Office of Inspector General, PO Box 23399, Washington, DC 20026-3399. The complaint should provide: the basis for the complaint; the date of alleged event; and, the names and addresses of witnesses, if any. This information is needed to ensure the complaint is processed in accordance with applicable laws and regulations.

I note in your brief, page 10, you allege prejudicial bias and intention to deny the loan by FSA. The U.S. Department of Agriculture (USDA) prohibits discrimination against its customers on the bases of race, color, national origin, age, disability, sex, gender identity, religion, reprisal, and where applicable, political beliefs, marital status, familial or parental status, sexual orientation, or all or part of an individual's income is derived from any public assistance program, or protected genetic information in any program or activity conducted or funded by USDA. (Not all prohibited bases will apply to all programs.) That being said, NAD is not the proper forum in which to pursue a civil rights program complaint. *See* 7 C.F.R. § 11.1 (definition of participant).

If you wish to file a civil rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at http://www.ascr.usda.gov/complaint_filing_cust.html or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter by mail to U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov.
Individuals who are deaf, hard of hearing or have speech disabilities, please contact USDA through the Federal Relay Service at (800) 877-8339 or (800) 845-6136 (in Spanish). Persons with disabilities, please see information above on how to contact USDA by mail directly or by email. If you require alternative means of communication for program information (e.g., Braille, large print, audiotape, etc.), please contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).

On March 13, 2013, you wrote FSA and requested the FSA Deputy Administrator of Field Operations provide information. You request that I ask FSA to be prudent in obtaining the requested information. At this time, I am aware of two options in helping you with this information request from FSA. One is to delay the hearing up to 30 days, which you declined during the prehearing. The other is to subpoena the evidence, which I explained during the prehearing concerning the possible subpoena of an FSA employee.

Under Title 7 of the Code of Federal Regulations (7 C.F.R.) § 11.8(a)(2)(iii)(A), a subpoena shall be issued only if the Hearing Officer determines that you have established that production of documents is necessary and is reasonably calculated to lead to information which would affect the final determination or is necessary to fully present the case before NAD. Furthermore, according to 7 C.F.R. § 11.8(a)(5)(ii), the Hearing Officer may confine the presentation of facts and evidence to pertinent matters and exclude irrelevant, immaterial, or unduly repetitious evidence, information, or questions.

For me to consider any subpoena request for the production of documents, certain information must be provided. I have attached an information sheet that specifies the required information.

Please note regarding your proposed Exhibit F and T (computer disk), when I tried to open the disk for review, I got a message that I did not have an audio codec necessary to open the files, and could not open the files. If you want this information entered into the appeal record, please provide specific information necessary to open and review the files.

Sincerely,

Jerry King
Hearing Officer

Attachment:
Subpoena Information Sheet

Distribution:

Christopher B. Julian
474 Orchard View Drive
Ararat, VA 24053

Renee G. Julian
474 Orchard View Drive
Ararat, VA 24053

Farm Loan Manager
Attn: Ronald A. Kraszewski
USDA, Farm Service Agency
19783 US Highway No. 29, Suite D
Chatham, VA 24531

State Appeals Coordinator
USDA, Farm Service Agency
1606 Santa Rose Road
Culpeper Building, Suite 138
Richmond, VA 23229

## Subpoena Information Sheet

If a subpoena is requested, the requesting party shall provide the following information in writing to the Hearing Officer. Requests for witnesses shall be submitted at least 14 days before the scheduled hearing date.

*Request for subpoena requiring attendance of witness:*

- Name, mailing address, and telephone number of each party whose presence is requested at the hearing.
- A detailed explanation of how each subpoenaed individual's testimony will be relevant to the issue(s) under appeal.
- An explanation of why the information that would be provided from each subpoenaed individual's testimony is not otherwise available and is necessary for disclosure of relevant facts that could impact the Hearing Officer's determination.
- An explanation of the requesting party's attempt(s) to obtain the voluntary attendance of the individual to be subpoenaed. If the individual has declined in writing any attempt(s) to obtain his/her voluntary attendance, the correspondence should be included.

*Request for subpoena requiring production of evidence:*

- Recognizable title(s) of document(s) to be subpoenaed and name, mailing address, and telephone number of party in possession of each document.
- Detailed explanation of how the content of the subpoenaed document(s) is relevant to the issue(s) under appeal.
- An explanation of how the content of the document(s) is not otherwise available and is necessary for disclosure of relevant facts that could impact the Hearing Officer's determination.
- An explanation of the requesting party's attempt(s) to obtain the voluntary submission of the subpoenaed document(s). If the individual has declined in writing any attempt(s) to obtain the document voluntarily, the correspondence should be included.

If a subpoena is granted, the requesting party is responsible for service of process of the subpoena (ensuring that the subpoena is delivered to the person named in the subpoena). Subpoenas shall be served no later than 10 days before the hearing. A subpoena may be served by delivering a copy personally to the person named in the subpoena, or by registered or certified mail. Personal service must be done by someone over the age of 18 who is not a party to the appeal.

Parties are responsible for paying the reasonable travel and subsistence costs incurred by a witness they subpoena. The only exception is that the agency will pay these costs if the subpoenaed witness is a USDA employee who is being called to testify in connection with his or her official duties, even if the subpoena is requested by an appellant.

The requesting party should provide information to the Hearing Officer at:

> Jerry L. King, Hearing Officer
> USDA National Appeals Division
> 193 Downing Street
> Roanoke, VA 24019
> Phone: (540) 966-2130
> Fax:   (540) 966-2132

Upon receiving the information, the Hearing Officer will consider whether to recommend to the Director that the subpoena request be approved. All subpoenas must be approved by the Director.