**United States Department of Agriculture** — Farm and Foreign Agricultural Services — Farm Service Agency

Farm Service Agency
19783 U.S. Highway No. 29, Suite D
Chatham, VA 24531
(434) 432-9455 Ext. 4

*COPY FOR YOUR INFORMATION*

April 5, 2013

Mr. Jerry L. King
Hearing Officer
USDA National Appeals Division
193 Downing Street
Roanoke, VA 24019

Reference: Christopher B. Julian    Case No. 2013E000382
           Renee Graham Julian

Dear Mr. King:

At the pre-hearing conference on March 20, 2013 you requested that the agency provide evidence that the Julian's dwelling is more than adequate to meet their family needs and is above modest in size, cost and design.

I am submitting a copy of USDA Rural Development's CFR Part 3550.57 (a) which is a definition of a modest dwelling (Exhibit A). The definition also references Part 3550.63 which contains the maximum loan limit for a modest house in Patrick County which is $174,800 (Exhibit B). This information was chosen as Rural Development (RD) is a sister agency to the FSA which finances homes that are modest. Also, I am submitting (Exhibit C) which a national memo from the Rural Development dated January 7, 2013 that states that the modest housing determination includes a standardized square footage consideration for a maximum house size of 1,800 square feet (this maximum house size determination is a general guideline). This memo shows the American Housing Survey has determined that the average square footage for a house in Virginia to be 1,800 square feet. I have also included pictures of 5 different homes with addresses and square footages listed that RD financed in Patrick County (Exhibit D).

The agency's evidence that the Julian's dwelling is more than adequate to meet their family needs is Exhibit C page 2 and 3 that shows the average house size for Virginia (per American Housing Survey data) is 1,800 square feet and the Julian's dwelling is 5,000 + square feet. Also, page 4 of Exhibit C shows the average household size in Patrick County to be 2.4 people and the Julian's have 3. To summarize, an average house size is 1,800 square feet and an average number of people per house is 2.4 persons and the Julian's have 5,000+ square feet with 3 people.

During the March 20, 2013 conference you questioned Mr. Julian as to whether $70,000 of loan funds will be used to pay living expenses. Mr. Julian stated that the $70,000 was going to go to Blue Ridge Springs Orchard, LLC and then the LLC would then pay Mr. Julian's labor for 2 years. Loan funds going to the LLC was never previously discussed with FSA, only the fact that Mr. Julian was going to pay



USDA is an equal opportunity provider and employer.

/

himself loan funds for two years to cover his living expenses and make his FSA payments. There are several issues with this new proposed use of loan funds:

1) For loan funds to go to the LLC would be neither the borrower method nor the contract method of construction as the LLC is neither the borrower nor the contractor.

2) Mr. Julian has stated verbally and in his March 18, 2013 information packet to you that he wants to pay himself labor under the borrower method. 7CFR 761.10(c)(1) (Exhibit E) describes the borrower method as "An applicant or borrower must submit FSA-2150 along with the following information: -- **cost estimates that fully describe the materials** to be used and the work to be performed according to subparagraph B". Under the borrower method the borrower can **only** submit **cost estimates of the materials**, not cost estimates of the labor. The purpose of the borrower method is to allow the borrower to perform the work on his/her own, (sweat equity), so the borrower is not financing the labor costs that a construction contractor would charge.

Please refer to Page 11 of Julian Brief dated March 18, 2013 is which Mr. Julian states "That they do not recognize the importance for small business owners to account for paying themselves a living wage". It appears to me the term he uses "living wage" is a reference to living expenses and not paying labor.

Mr. Julian appears to be attempting to make personal attacks by asking for resumes and training information for Mr. Rigney and I and insinuating that I'm not providing financing to him as I'm trying to protect the wineries in Floyd County, VA by not letting competition come into the area. His insinuation is preposterously false.

In summary, Mr. Julian has indicated to the agency he wants to use loan funds to pay himself living expense for two years. Even if he changed his mind and now wants to pay himself labor under the borrower method, that's also not an authorized use of loan funds as a borrower cannot even submit labor costs let alone receive them. Also, Mr. Julian's dwelling is above modest in size cost and design and more than adequate to meet his family's needs as evidenced by the documentation I've submitted.

If you have any questions in regard to this case, please contact myself or Mr. Rigney at (434) 432-9455 ext. 4.

Sincerely,

Ronald A. Kraszewski
Farm Loan Manager


Attachments

Cc: R. Kevin Bohon, District Director
    Christopher B. and Renee G. Julian


USDA is an equal opportunity provider and employer.

2

7 CFR Part 3550
§ 3550.56 (a)(Con.)

(1) New conditional commitments will be made and existing conditional commitments will be honored only in conjunction with an applicant for a section 502 loan who applied for assistance before the area designation changed.

(2) REO property sales and transfers with assumption may be processed.

(3) Subsequent loans may be made either in conjunction with a transfer with assumption of an RHS loan or to repair properties that have RHS loans.

(b) Site standards. Sites must be developed in accordance with 7 CFR part 1924, subpart C and any applicable standards imposed by a State or local government.

(1) The site must not be large enough to subdivide into more than one site under existing local zoning ordinances,

(2) The site must not include farm service buildings, though small outbuildings such as a storage shed may be included, and

(3) The value of the site must not exceed 30 percent of the "as improved" market value of the property. The State Director may waive the 30 percent requirement in high cost areas where other lenders permit a higher percentage.

§ 3550.57 Dwelling requirements.

(a) Modest dwelling. The property must be one that is considered modest for the area, must not be designed for income providing purposes, must not have an in-ground swimming pool or have a market value in excess of the applicable maximum loan limit, in accordance with §3550.63, unless RHS authorizes an exception under this paragraph. An exception may be granted on a case-by-case basis to accommodate the specific needs of an applicant, such as to serve exceptionally large households or to provide reasonable accommodation for a household member with a disability. Any additional loan amount approved must not exceed the amount required to address the specific need.

(b) New dwellings. Construction must meet the requirements in 7 CFR part 1924, subpart A.

(c) Existing dwellings. Existing dwellings must be structurally sound; functionally adequate; in good repair, or to be placed in good repair with loan funds; have adequate electrical, heating, plumbing, water, and wastewater disposal systems; and be free of termites and other wood damaging pests and organisms.

Exhibit B

# SFH DIRECT STATE AREA LOAN LIMITS

| STATE | COUNTY OR EQUIVALENT | EST. LIMIT - EFFECTIVE 4-1-12 |
|---|---|---|
| VA | HIGHLAND | $211,500 |
| VA | ISLE OF WIGHT | $210,000 |
| VA | JAMES CITY | $217,000 |
| VA | KING AND QUEEN | $188,500 |
| VA | KING GEORGE | $235,000 |
| VA | KING WILLIAM | $220,000 |
| VA | LANCASTER | $192,500 |
| VA | LEE | $151,800 |
| VA | LOUDOUN | $300,000 |
| VA | LOUISA | $210,000 |
| VA | LUNENBURG | $143,800 |
| VA | MADISON | $200,100 |
| VA | MATHEWS | $203,300 |
| VA | MECKLENBURG | $143,800 |
| VA | MIDDLESEX | $192,500 |
| VA | MONTGOMERY | $200,100 |
| VA | SUFFOLK | $200,000 |
| VA | NELSON | $240,200 |
| VA | NEW KENT | $209,000 |
| VA | CHESAPEAKE | $200,000 |
| VA | NORTHAMPTON | $166,000 |
| VA | NORTHUMBERLAND | $191,500 |
| VA | NOTTOWAY | $169,500 |
| VA | ORANGE | $200,100 |
| VA | PAGE | $185,000 |
| VA | PATRICK | $174,800 |
| VA | PITTSYLVANIA | $165,300 |
| VA | POWHATAN | $200,000 |
| VA | PRINCE EDWARD | $148,800 |
| VA | PRINCE GEORGE | $216,000 |
| VA | PRINCE WILLIAM | $265,000 |
| VA | PULASKI | $200,100 |
| VA | RAPPAHANNOCK | $257,900 |
| VA | RICHMOND | $189,500 |
| VA | ROANOKE | $200,100 |
| VA | ROCKBRIDGE | $200,000 |
| VA | ROCKINGHAM | $200,000 |
| VA | RUSSELL | $156,800 |
| VA | SCOTT | $151,800 |
| VA | SHENANDOAH | $190,000 |
| VA | SMYTH | $155,600 |
| VA | SOUTHHAMPTON | $187,000 |
| VA | SPOTSYLVANNIA | $205,000 |



**United States Department of Agriculture**
**Rural Development**

TO: State Directors
Rural Development

JAN 7 2013

ATTN: Rural Housing Program Directors,
Area Directors and Area Specialists

FROM: Tammye Treviño
Administrator
Housing and Community Facilities Programs

SUBJECT: Modest Housing Determinations

PURPOSE/INTENDED OUTCOME:

The purpose of this Unnumbered Letter is to clarify Rural Development's (RD) definition of modest housing and to provide additional guidance on the modest housing determination.

BACKGROUND:

Agency regulations define modest housing as "a property that is considered modest for the area, with a market value that does not exceed the applicable area loan limit as established by RHS in accordance with §3550.63. In addition, the property must not be designed for income producing activities nor have an in-ground swimming pool," 7 CFR 3550.10. RD derives its area loan limits from the nationally recognized Marshall and Swift residential cost analysis of the expense to build a new modest home in each county plus the cost of a developed lot.

As you have seen and heard, the market value of much of the nation's housing stock has fallen along with housing prices in the last several years. As a result, some applicants are entering into purchase agreements for homes that appear to be above modest but have market values within the applicable area loan limit.

EXPIRATION DATE:
December 31, 2013

FILING INSTRUCTIONS:
Housing Programs

1400 Independence Ave, S.W. · Washington DC 20250-0700
Web: http://www.rurdev.usda.gov

Committed to the future of rural communities.

"USDA is an equal opportunity provider, employer and lender."
To file a complaint of discrimination, write USDA, Director, Office of Civil Rights,
1400 Independence Avenue, S.W., Washington, DC 20250-9410 or call (800) 795-3272 (Voice) or (202) 720-6382 (TDD).

Modest Housing Determinations	Page 2

This can be problematic because larger homes may jeopardize a borrower's success; larger homes have higher costs (utilities, taxes, insurance, maintenance, etc.).

IMPLEMENTATION RESPONSIBILITIES:

Due to the above, we believe the modest housing determination should include a standardized square footage consideration. We have determined that the most standardized square footage data available is the biennial American Housing Survey (AHS). Below is the average size of single family homes by regions as listed in the 2011 survey; future survey results will be provided as published. This regional data will serve as a general guideline and is not a firm limitation. If a home's square footage exceeds the reported AHS average square footage, the Area Office will need to determine if the home is typical for the area based on historical Agency-lending activity in that area and/or if the applicant has special needs due to an exceptionally large household or a household member with a disability. If the Area Office believes the home is modest, an exception by the State Director will be sought. The exception request must take into consideration the costs of utilities and maintenance. The applicant will be requested to obtain actual utility costs for the last 12 months. In addition, the request must address the age and condition of the home and the applicant's ability to pay the higher costs (utilities, taxes, insurance, maintenance, etc.) associated with the larger home. Otherwise, the home will be considered above modest based on size.

Size of Unit -- Owner Occupied Units (single detached and mobile homes).

| Northeast | Midwest | South | West |
| --- | --- | --- | --- |
| 2,000 sq. ft. | 1,800 sq. ft. | 1,800 sq. ft. | 1,800 sq. ft. |

States contained in each region are as follows:

Northeast - Maine, New Hampshire, Vermont, Massachusetts, Rhode Island, Connecticut, New York, Pennsylvania and New Jersey.

Midwest - Ohio, Indiana, Illinois, Michigan, Wisconsin, Minnesota, Iowa, Missouri, Kansas, Nebraska, North Dakota and South Dakota.

South - Delaware, Maryland, District of Columbia, Virginia, West Virginia, North Carolina, South Carolina, Georgia, Florida, Alabama, Mississippi, Tennessee, Kentucky, Arkansas, Louisiana, Oklahoma, and Texas.

West - Montana, Wyoming, Colorado, New Mexico, Arizona, Utah, Idaho, Alaska, Washington, Oregon, Nevada, California and Hawaii.

Exhibit C Page 3

| Characteristics | Regions and divisions | | | | |
|---|---|---|---|---|---|
| | South | | | West | |
| | South Atlantic | East South Central | West South Central | Mountain | Pacific |
| Median (square feet) | 1,800 | 1,800 | 1,800 | 1,800 | 1,800 |
| **AIR CONDITIONING [3]** | | | | | |
| Central | 13,834 | 4,409 | 7,554 | 3,488 | 5,637 |
| Additional central | 1,689 | 662 | 996 | 394 | 476 |
| Room (air conditioning) units: | | | | | |
| 1 unit | 334 | 168 | 185 | 473 | 772 |
| 2 units | 518 | 239 | 371 | 136 | 323 |
| 3 units or more | 405 | 185 | 539 | 42 | 131 |
| **MAIN HEATING EQUIPMENT** | | | | | |
| Warm-air furnace | 8,102 | 3,118 | 6,779 | 3,920 | 7,664 |
| Steam or hot water system | 331 | 9 | 11 | 314 | 174 |
| Electric heat pump | 5,704 | 1,339 | 825 | 582 | 456 |
| Built-in electric units | 317 | 91 | 28 | 153 | 439 |
| Floor, wall, or other built-in hot-air units without ducts | 212 | 136 | 259 | 164 | 679 |
| Room heaters with flue | 147 | 67 | 70 | 58 | 76 |
| Room heaters without flue | 72 | 142 | 332 | 15 | 15 |
| Portable electric heaters | 180 | 61 | 273 | 35 | 123 |
| Stoves | 142 | 70 | 80 | 115 | 148 |
| Fireplaces with inserts | 24 | 7 | 13 | 27 | 38 |
| Fireplaces without inserts | 3 | 12 | 4 | 5 | 18 |
| Cooking stove | 6 | 7 | 19 | 3 | 1 |
| Other | 48 | 16 | 48 | 8 | 30 |
| None | 3 | 7 | 4 | 1 | 197 |
| **PRIMARY SOURCE OF WATER** | | | | | |
| Public or private system | 12,402 | 4,745 | 7,851 | 4,845 | 9,309 |
| Well serving 1 to 5 units | 2,836 | 311 | 867 | 539 | 730 |
| Drilled | 2,601 | 276 | 796 | 512 | 660 |
| Dug | 189 | 23 | 50 | 18 | 37 |
| Not reported | 46 | 13 | 21 | 10 | 33 |
| Other | 52 | 26 | 29 | 16 | 21 |
| **MEANS OF SEWAGE DISPOSAL** | | | | | |
| Public sewer | 10,678 | 3,125 | 6,497 | 4,429 | 8,536 |
| Septic tank, cesspool, or chemical toilet | 4,607 | 1,943 | 2,246 | 971 | 1,524 |
| Other | 6 | 14 | 3 | - | - |
| **UNITS USING EACH FUEL [4]** | | | | | |
| Electricity | 15,287 | 5,071 | 8,746 | 5,400 | 10,060 |
| Piped gas | 5,206 | 2,376 | 5,228 | 3,971 | 8,017 |
| Bottled gas | 1,612 | 711 | 825 | 520 | 537 |
| Fuel oil | 668 | 36 | 15 | 37 | 134 |
| Kerosene or other liquid fuel | 107 | 10 | 43 | 11 | 17 |
| Coal or coke | 3 | 4 | - | 1 | - |
| Wood | 232 | 98 | 125 | 184 | 248 |
| Solar energy | 21 | 6 | - | 26 | 59 |
| Other | 52 | 22 | 18 | 25 | 56 |
| All electric units | 8,454 | 2,219 | 2,798 | 869 | 1,364 |
| **SELECTED AMENITIES [4]** | | | | | |
| Porch, deck, balcony, or patio | 14,309 | 4,791 | 8,046 | 5,018 | 9,319 |
| Telephone available | 15,031 | 4,981 | 8,588 | 5,282 | 9,778 |
| Usable fireplace | 6,408 | 2,231 | 4,231 | 2,450 | 6,386 |
| Separate dining room | 8,856 | 2,778 | 4,879 | 2,333 | 5,553 |