## **DIRECTOR REVIEW DETERMINATION**

| | |
|---|---|
| In the Matter of | ) |
| | ) |
| **XXXXX** | ) |
| | ) Case No. 2013E000382 |
| and | ) |
| | ) |
| FARM SERVICE AGENCY | ) |
| | ) |
| **XXXXX** | ) |
| THIRD PARTY | ) |
| | ) |

On June 19, 2013, **XXXXX** (Appellant) filed a request for Director review of a National Appeals Division (NAD) Hearing Officer Appeal Determination issued on May 16, 2013 (the Appeal Determination). In the Appeal Determination, the Hearing Officer concluded that an adverse decision by Farm Service Agency (FSA or Agency), dated November 28, 2012, was not erroneous. In the adverse decision, FSA denied Appellant's request for a $300,000 farm ownership loan (the loan) because the proposed use of the loan funds was not authorized for the type of loan requested. **XXXXX** (Third Party) participated in the proceedings.

After careful consideration of the evidence and arguments in this case, I uphold the Appeal Determination. As discussed below, the adverse decision is consistent with applicable laws and regulations. In making this decision, I have reviewed the laws and regulations applicable to the matter at issue; the case record, including the hearing audio recording and the Appeal Determination; and Appellant's request for Director review. FSA did not respond to Appellant's request for Director review.

### **Issue**

The dispute in this case is whether FSA followed applicable rules and regulations in denying Appellant's request for the loan. Specifically, I must decide if Appellant's house with the improvements adequately meets his family's needs.

### **Background**

In approximately 2010, Appellant began construction on a house. It is unfinished and the total heated and finished size has not been determined. The house is designed to accommodate two families; Appellant's current household only has three individuals. The home measures 2,400 square feet on the first level, with a basement that is approximately 2,200 square feet and an attached two-car garage. Appellant plans to use the "bottom half portion of the basement for our business to produce wine on a small scale while

beginning our farm winery operation."  Appellant anticipates that if "we ever finish the basement, to use the facilities as a weekend rental for our small business operation."  Appellant will also "continue to use the basement for packing, sorting, and storing for our apple business."   The house is not located on a farm.  File 3, Tab 16, Appellant Hearing Brief, Pages 5-6; File 3, Tab 16, Appellant Brief 2, Page 3; Hearing Audio at 00:32:18-00:37:02, 01:43:22-01:43:45, and 01:55:30-01:56:00.

On October 10, 2012, Appellant applied for the loan to make improvements to the house.  File 3, Tab 16, Brief and Exhibits M and AF.  Appellant requested funding for $172,000 for materials and $128,000 for labor.  The materials needed included: exterior windows and doors, framing materials, metal roofing, exterior siding, and exterior boxing.  File 2, Tab 15, Agency Record, Page 10.

On November 28, 2012, Agency denied Appellant's request for the loan because the proposed use of the loan funds was not authorized for the type of loan requested.  Specific to this appeal, Agency concluded that the proposed improvements to the house were not essential to Appellant's farming operation.  Agency also concluded that the proposed improvements exceeded what is adequate to meet the family's needs.  File 1, Tab 1.

Appellant filed an appeal with NAD.  File 1, Tab 2.  A NAD Hearing Officer convened an evidentiary hearing on April 17, 2013.  Thereafter, the Hearing Officer issued the Appeal Determination, in which he concluded that FSA's adverse decision was not erroneous.  The Hearing Officer determined that Appellant's house was not modest in size, cost, and design.  File 1, Tab 7.  Appellant then filed this request for Director review.  File 1, Tab 8.

## Legal Standards

Parts 11 and 764 of Title 7 of the Code of Federal Regulations (C.F.R.) contain the regulations applicable to this case.  FSA Handbook 3-FLP (Rev. 2) Amend. 4 (October, 20, 2011) (the Handbook) interprets the regulations applicable to this case.  On appeal to NAD, an appellant bears the burden of proving by a preponderance of the evidence that the adverse decision of the agency was erroneous.  7 C.F.R. § 11.8(e).

Farm ownership loan funds may only be used to make capital improvements to a farm owned by the applicant, for construction, purchase or improvement of farm dwellings, service buildings, or other facilities and improvements essential to the farming operation.  7 C.F.R. § 764.151(b).  Loan funds can be used to purchase, improve, or build any type of structure, including a dwelling that adequately meets family needs and is modest in size, cost, and design, provided the structure is related to the farming enterprise.  The dwelling shall be located on the farm when loan funds are used to purchase the dwelling.  However, if the applicant already owns a dwelling located close to the farm, loan funds may be used to repair or improve the dwelling.  Handbook, Para. 131C.

## Analysis

On Director review, Appellant challenges the Appeal Determination.  Appellant argues that the Handbook requirement that a dwelling adequately meet family needs and be modest in size, cost, and design only

applies to dwellings that are located on a farm.  Appellant argues that this provision is inapplicable to this case because his house is located near his farm.  File 1, Tab 8.

Appellant has not proven that his house with the improvements adequately meets his family's needs and is modest in size, cost, and design.  Farm ownership loan funds may only be used to make capital improvements to a farm owned by the applicant, for construction, purchase or improvement of farm dwellings, service buildings, or other facilities and improvements essential to the farming operation.  7 C.F.R. § 764.151(b).  Loan funds can be used to purchase, improve, or build any type of structure, including a dwelling that adequately meets family needs and is modest in size, cost, and design, provided the structure is related to the farming enterprise.  Handbook, Para. 131C.

Currently, Appellant's household consists of three individuals.  Appellant's house will be 4,600 square feet, with 2,400 square feet on the first level and 2,200 square feet in the basement, plus an attached two-car garage.  Appellant plans to construct a recreation room, a third bedroom, a fitness area, a second master suite, and a winery in the basement.  The blueprints for Appellant's home also show an 11'6" by 11'6" walk-in closet, a morning porch, two foyers, a deck, and a screened porch on the second floor.  File 2, Tab 15, Agency Record, Pages 17-18.  Based on this evidence, Appellant has not proven that the house adequately meets his family's needs and is modest in size, cost, and design.

In so concluding, I find that Appellant's argument with respect to the Handbook provision does not establish error in the adverse decision.  Appellant argues that paragraph 131C of the Handbook, which requires that a dwelling adequately meet family needs and be modest in size, cost, and design, only applies to a dwelling located on a farm.  Appellant's reading of this provision is too narrow.  The provision states that loan funds may be used to purchase, improve, or build any type of structure.  A structure includes a dwelling that adequately meets family needs and is modest in size, cost, and design.  With respect to a dwelling, it further states that loan funds can only be used to purchase a dwelling when it is located on the farm.  If the dwelling is located close to the farm, loan funds can only be used to repair or improve the dwelling.  The distinction between a dwelling that is located on a farm or close to a farm only relates to how loan funds may be used.  The requirement that a dwelling adequately meets family needs and be modest in size, design, and cost is applicable to a dwelling that is either located on the farm or located close to the farm.  Accordingly, I conclude that the adverse decision denying Appellant's loan request is not erroneous.

The adverse decision contains two reasons for denying the loan request—the house with the improvements exceeded what is adequate to meet the family's needs, and the proposed improvements to the house were not essential to Appellant's farming operation.  I have determined that the first reason for the denial was correct.  It is not necessary for me to decide whether the second reason supports the agency's conclusion not to fund this loan request.

## Conclusion

Based on the foregoing discussion, I uphold the Appeal Determination.  I conclude that Appellant has not proven by a preponderance of the evidence that the adverse decision is erroneous.

| /s/ | 07/24/2013 |
|---|---|
| Roger Klurfeld  <br>Director | Date |