UNITED STATES DEPARTMENT OF AGRICULTURE
OFFICE OF THE SECRETARY
NATIONAL APPEALS DIVISION

| | |
|---|---|
| In the matter of ) | |
| ) | |
| CHRISTOPHER B. JULIAN ) | |
| ) | |
| and ) | Case No. 2013E000382 |
| ) | |
| FARM SERVICE AGENCY ) | |
| ) | |
| RENEE G. JULIAN ) | |
| THIRD PARTY ) | |

## APPEAL DETERMINATION

Christopher B. Julian (Appellant) filed an appeal challenging an adverse decision issued by Farm Service Agency (FSA) on November 28, 2012. FSA denied Appellant and Renee G. Julian (Third Party)'s (jointly referred to as Applicants) application for direct Farm Ownership (FO) assistance, giving three reasons: (1) The request to use FO funds for living expenses is not an allowed loan purpose; (2) Applicants' dwelling under construction exceeds what is adequate to meet Applicants' needs, and is not modest in size, cost and design; and (3) Applicants cannot use FO loan funds to make or refinance loan payments. FSA later withdrew the denial reason that Applicants wanted to use FO loan funds to make or refinance loan payments. Because FSA withdrew this reason for FO loan denial, I do not address this loan denial reason and it is not an issue on appeal.

Appellant argues the following:

a. Applicants did not apply to use loan funds to pay living expenses; their application was to use funds for labor. Labor is an eligible use of FO loan funds.
b. The FSA Handbook requirement that dwellings be modest in size, cost, and design does not apply to improvements to an existing dwelling.
c. The proposed FO loan would be completely collateralized by existing assets. The requested loan funds are necessary to protect Applicants' dwelling from deterioration. Applicants are eligible for the preferential treatment FSA must provide beginning farmers.
d. FSA was negligent in processing Applicants' mediation request. When the original mediation program ceased, Appellant had to arrange for another program to mediate his case.
e. In processing Applicants' FO application, FSA may have inappropriately obtained Applicants' credit reports. This action was an invasion of privacy, and damaging to Applicants' credit rating.

    f. FSA was negligent and prejudicial in its assessment of Applicants' loan application, and prejudice is the only real reason for loan denial.

As to Appellant's arguments e and f listed above, these are not issues before the National Appeals Division (NAD), and I do not address them in this determination. On March 28, 2013, I provided Appellant instructions on filing a complaint of misconduct with the Office of Inspector General (argument e), and what he needed to do to file a complaint of discrimination with the United States Department of Agriculture's Office of Adjudication (argument f).

At Appellant's request, I held an in-person hearing on April 17, 2013, and kept the record open to allow parties to submit additional information. On April 23, 2013, Appellant submitted a post-hearing exhibit. I closed the record on May 1, 2013. Based on the evidence, the arguments submitted by the parties, and the program regulations that apply to this situation, I conclude that the FSA decision to deny Applicants' FO application was not in error. The rationale for my decision follows.

## STATEMENT OF THE ISSUE

I had to determine whether FSA correctly applied its regulations when it denied Applicants' FO loan application. To make this determination, I had to resolve the following questions:

1. Did Applicants apply for FO loan funds to pay for living expenses or to pay for labor?

2. Is Applicants' dwelling modest in size, cost, and design, and does it exceed the needs of Applicants' family?

3. Does FSA's requirement that dwellings be modest in size, cost, and design apply to improvements to existing dwellings?

4. Are there any exceptions or exemptions to FSA's rule requiring a dwelling be modest is size, cost, and design?

5. Does Appellant's contention that he had to arrange for mediation cause the FSA decision to be in error?

## FINDINGS OF FACT (FOF)

1. On October 10, 2012, Applicants applied for a direct $300,000 FO loan. FSA determined the application was complete on November 19, 2012. *(Agency record, page 5; Appellant Exhibits AB, AE, AF)*

2. Applicants requested funding for $172,000 for materials and $128,000 for labor. Applicants' written application makes no mention of use of loan funds for living expenses. *(Agency record, page 10; Appellant Exhibits E, W; Appellant Post-hearing*

Christopher B. Julian
Case No. 2013E000382

*Exhibit A; Testimony, Hearing audio, 38:45-43:00, 01:12:32-01:12:58, 01:13:25-01:16:36; 01:29:30-01:37:48)*

3. Applicants requested FO loan funds to pay for the following materials and associated expenses in constructing their dwelling: *(Agency record, page 10)*

   a. Exterior window and doors     $33,000
   b. Framing materials              29,600
   c. Metal roofing                  30,000
   d. Exterior siding                 8,500
   e. Exterior boxing                 5,100

4. In Applicants' county, Rural Development, a government agency that finances modest homes, considers a modest dwelling to be a maximum of 1,800 square feet, with a loan limit for a modest house of $174,800. *(Agency Exhibits 1-4)*

5. Applicants' household consists of three individuals. *(Agency record, page 5; 01:57:30-01:57:40)*

6. The design of Applicants' dwelling took place more than four years before Applicants applied for FO assistance. Construction of the dwelling has been underway for more than three years, and remains unfinished. The dwelling was designed to accommodate two families. The home is 2,400 square feet on the first level, with a basement and attached two-car garage. Appellant intends to use the basement as a weekend rental and for the production of wine. In comparison to Rural Development's criteria for modest homes in Applicants' county, the dwelling is not modest in size, cost and design. *(Agency record, pages 5, 11-22; Agency Exhibits 1-4; Appellant Brief, pages 5, 6; Appellant Brief 2, page 3, Appellant Exhibit J; Testimony, Hearing Audio, 32:18-37:02, 01:43:22-01:43:45, 01:55:30-01:56:00)*

## DISCUSSION

Part 11 of Title 7 of the Code of Federal Regulations (7 C.F.R.) governs the appeal. Seven C.F.R. Parts 761 and 764 govern the issues on appeal. FSA HB 1-FLP and HB 3-FLP supplement the regulations.

Applicants applied for FO loan funds to pay for labor. Seven C.F.R. § 764.151 provides eligible uses of FO loan funds. FO loan funds may only be used to: (a) acquire or enlarge a farm or make a down payment on a farm; (b) make capital improvements to a farm owned by the applicant, for construction, purchase or improvement of farm dwellings, service buildings or other facilities and improvements essential to the farming operation; (c) promote soil and water conservation and protection; (d) pay loan closing costs; and (e) refinance a bridge loan under certain conditions. FSA and Applicants disagree to what Appellant told FSA about Applicants' proposed use of loan funds as it relates to labor or living expenses. Applicants applied for FO assistance to buy $172,000 in materials and $128,000 for labor cost. Applicants' written

3

Christopher B. Julian
Case No. 2013E000382

application makes no mention of use of loan funds for living expenses. (FOF 2) I find Applicants' loan application was for labor expenses, not living expenses. Because FSA failed to address Applicants' request for funds for labor expenses, and incorrectly addressed living expenses, I do not uphold this reason for loan denial.

Applicants' dwelling is not modest in size, cost, and design, and exceeds the needs of Applicants' family. HB 3-FLP, Paragraph 131-C excludes dwellings that are not modest in size, cost, and design, and exceed family needs from FO funding. Appellant conceded Applicants' dwelling may not meet FSA's definition of modest in size, cost, and design, (*See* Appellant Brief, page 5) and presented no evidence to refute FSA's findings. Considering Applicants' family size of three, the size, cost, and design of the dwelling, and what is considered a modest dwelling in Applicants' county, Applicants' dwelling does not meet loan eligibility requirements. (FOF 4-6) Accordingly, FSA correctly denied Applicants' loan application.

FSA's requirement that dwellings be modest in size, cost, and design does apply to improvements to existing dwellings. Seven C.F.R. § 764.151(b) provides that FO loan funds may be used to make capital improvements to a farm owned by the applicant, for construction, purchase or improvement of farm dwellings, service buildings or other facilities and improvements essential to the farming operation. HB 3-FLP, Paragraph 131-C, further explains that FO funds can be used to purchase, improve, or build any type of structure, including a dwelling that either adequately meets family needs and is modest in size, cost, and design, provided the structure is related to the farming enterprise. The dwelling shall be located on the farm when FO funds are used to purchase the dwelling. However, if the applicant already owns a dwelling located close to the farm, FO funds may be used to repair or improve the dwelling. Appellant argues the rule is impossible to achieve when applied to circumstances such as his where he started the dwelling before application for loan assistance. I understand Applicants' frustration with not being able to find adequate financing to construct their dwelling. However, generally, an agency's interpretation of its own regulation is entitled to substantial deference, unless the interpretation is plainly erroneous or clearly inconsistent with the regulation interpreted. *See* Director Review decision at NAD Case No. 2011W000619 (Dir. Rev. dated July 16, 2012. I find FSA's handbook rule applies to improvements to an existing dwelling, and find no error by FSA in its interpretation of FO eligibility.

There are not any exceptions or exemptions to the rule requiring a dwelling to be modest are size, cost, and design. HB 3-FLP, Paragraph 131-C excludes dwellings that are not modest in size, cost, and design, and exceed family needs from FO funding. Appellant argues Applicants' proposed loan would be collateralized by existing assets, the requested dwelling improvements are essential to Applicants' farming operation, and requested funds are essential to protecting the dwelling from deterioration. Appellant also argues Applicants are eligible for the preferential treatment FSA must provide to beginning farmers. Even if I accept all these arguments as correct, this does not change that the dwelling Applicants want to improve with FO loan funds is not modest in size, cost, and design.

Appellant's argument that he had to arrange for mediation does not cause the FSA adverse decision to be in error. An adverse decision means an administrative decision of an agency that is adverse to a participant. *See* 7 C.F.R. § 11.1. A program participant that receives an adverse

4

Christopher B. Julian
Case No. 2013E000382

decision from an agency may appeal to NAD. *See* 7 C.F.R. § 11.6(b). In making a determination on the appeal, the Hearing Officer must ensure that the adverse decision is consistent with the laws and regulations of the agency. *See* 7 C.F.R. § 11.10(b). A participant has the right to utilize any available mediation to attempt to seek resolution of an adverse decision of an agency before an NAD hearing. *See* 7 C.F.R. § 11.5(c). Appellant argued FSA was negligent in processing Applicants' mediation request because when the original mediation program ceased, he had to arrange for another mediation program. On March 27, 2013, Agency and Applicants voluntarily agreed that they had been unable to reach an agreement in mediation. *See* File 1, Tab 4. I do not find Appellant's argument concerning mediation shows that FSA's decision to deny Applicants' FO loan request was not consistent with the FO regulations. Additionally, although Appellant may have performed the task of finding a new mediator that should have been done by FSA, Appellant makes no claim that the new service that ultimately mediated his case was deficient.

## DETERMINATION

Seven C.F.R. § 11.8(e) provides that an appellant bears the burden of proving that an agency's adverse decision is erroneous by a preponderance of the evidence. In this case, Appellant did not meet this burden. The Agency decision is not erroneous.

This is a final determination of the Department of Agriculture unless a timely request for review is filed.

Dated and mailed this 16th day of May 2013.

JERRY L. KING
Hearing Officer

Attachments:
Notice of Right to Request Director Review and/or Copy of Audio Record
Request for Director Review

Christopher B. Julian
Case No. 2013E000382

Distribution of copies:

Christopher B. Julian
474 Orchard View Drive
Ararat, VA 24053

Renee G. Julian
474 Orchard View Drive
Ararat, VA 24053

AGENCY

An electronic notice and copy of this Appeal Determination sent from the National Appeals Division to the FSA Appeals and Litigation Group at FSA.ALS@WDC.USDA.gov. The mailing address for the FSA Appeals and Litigation Group is:

Administrator
c/o Appeals & Litigation Group
Farm Service Agency
1400 Independence Avenue, SW
Room 5971
Washington, DC 20250-0570

Christopher B. Julian
Case No. 2013E000382

## NOTICE OF RIGHT TO REQUEST DIRECTOR REVIEW
## AND/OR COPY OF AUDIO RECORD

**DIRECTOR REVIEW REQUEST**
Either party may request that the Director of the National Appeals Division (NAD) review this determination. A suggested format is attached, but any request is acceptable if it has all the information in the "Instructions for Request for Review" listed below.

**An appellant or third party** who believes that this determination is wrong must file a request for Director review within **30 days** of receipt of this determination. Unless appropriate documentation shows otherwise, the Director presumes that it usually takes 7 days for a determination to reach an appellant by mail. However, the Director will accept requests filed more than 37 days from the date of the determination if the person shows that receipt of the determination took longer than usual. A request must be in writing and be signed by the appellant or third party. A request must also follow the "Instructions for Request for Review" listed below.

**The agency** may also file a request for Director review if it believes this determination is wrong. The agency must file its request within **15 business days** of receipt of this determination. The head of the agency or someone acting in that capacity must sign the request. The agency must also follow the "Instructions for Request for Review" listed below.

Parties may file written responses to a request for Director review within **5 business days** of receipt of a copy of the request for review.

The date a document is considered "filed" is either the date it is delivered in writing to NAD, its postmark date, or the date that a complete facsimile copy is received by NAD.

### Instructions for Requests for Review

A request for review must include the following information:

- be personally signed and dated by appellant, third party or head of the agency;
- specifically request a review;
- give the case number for the Hearing Officer determination (the case number is on the top right-hand side of the first page of the determination);
- note the date the requester received the Hearing Officer determination;
- say why the determination is wrong;
- confirm that the requester has also sent a copy of the request and additional information, if any, to the other party at the same time that the request was sent to NAD; and
- be mailed, faxed or delivered by commercial delivery service to:

Christopher B. Julian
Case No. 2013E000382

        National Appeals Division
        Eastern Regional Office
        P.O. Box 68806
        Indianapolis, Indiana 46268-0806

| | |
|---|---|
| Fax Number: | 1-317-875-9674 |
| Phone Number: | 1-800-541-0457 |
| TDD Number: | 1-800-791-3222 |

**COPY OF AUDIO RECORD REQUEST**

The appellant(s), third parties, and the agency may obtain a copy of the audio record made of the pre-hearing/hearing proceedings at no cost. Copies may be obtained by making a written request to the NAD Regional Office.

Christopher B. Julian
Case No. 2013E000382

## REQUEST FOR DIRECTOR REVIEW

I/We, *(print* name(s))_____, am/are the Appellant(s)/Third Party/Agency head in the above-referenced appeal and I/we request a Director review of the appeal determination in this case.

The case number is: _____.

I/We received the appeal determination on _____.

The specific reasons why I/we believe the appeal determination is wrong are: (The requester may attach additional sheets and documents, if desired.)

A copy of this request, along with any attachments, was mailed to the other parties on _____.

I swear that all statements in this filing are true to the best of my knowledge and belief.

_____        _____
Appellant(s)/Third Party/Agency head signature(s)        Date