IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER B. JULIAN and RENEE G. JULIAN, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action No. 4:13-CV-00054 |
| UNITED STATES DEPARTMENT OF AGRICULTURE, et al., ) ) ) | |
| Defendants. ) | |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

The United States Department of Agriculture ("USDA"); James Rigney, Farm Loan Officer, USDA, Farm Service Agency (FSA), Pittsylvania County Office; Ronald Kraszewski, Farm Loan Manager, USDA, FSA, Pittsylvania County Office; J. Calvin Parrish, State Executive Director, USDA, FSA, Virginia State Office; Jerry L. King, Hearing Officer, USDA, National Appeals Division; Roger Klurfeld, Director, USDA, National Appeals Division; Christopher P. Beyerhelm, Deputy Administrator for Farm Loan Programs, USDA, FSA; and Barbara McLean, Government Information Specialist, USDA, FSA, National Freedom of Information Act Office, ("Federal Defendants") by and through the undersigned counsel, respectfully submit this Memorandum in Opposition to Plaintiffs' Motion for Partial Summary Judgment.

1

**ARGUMENT**

I. **Plaintiffs' Motion for Summary Judgment must be Denied because this Court Lacks Subject Matter Jurisdiction**

Plaintiffs seek partial summary judgment on paragraph 11 of their Complaint, and ask this Court to declare the mediation and confidentiality agreements they entered into as null and void. *See* Dkt. No. 27. However, this Court is without jurisdiction to consider Plaintiffs' Motion, as the Federal Defendants in this case filed a Motion to Dismiss and accompanying Memorandum, asserting, *inter alia*, this Court lacks subject matter jurisdiction over the allegations made in the Complaint. *See* Dkt. Nos. 28, 29. "A motion to dismiss for lack of subject matter jurisdiction presents a threshold question concerning a court's power to act." *Nelson v. United States Postal Serv.*, 189 F. Supp. 2d 450, 454 (W.D. Va. 2002); s*ee also Owens-Illinois, Inc. v. Meade,* 186 F.3d 435, 442 n.4 (4th Cir. 1999). If the court lacks subject matter jurisdiction, it must dismiss the case. *See* Fed. R. Civ. P. 12(h)(3). In this case, as explained in greater detail in Defendants' Memorandum in Support of Motion to Dismiss, this Court lacks jurisdiction in this case on the basis of qualified immunity, sovereign immunity, and/or the failure to exhaust administrative remedies. Therefore, without jurisdiction, this Court may not entertain Plaintiffs' Motion for Partial Summary judgment.

II. **Plaintiffs are not Entitled to Summary Judgment**

Even if this Court were to find jurisdiction over the merits of this case, Plaintiffs have failed to demonstrate that they are entitled to summary judgment. Summary judgment is only appropriate when there is no genuine issue of material fact that could lead a trier of fact to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A party seeking summary judgment has the initial burden of establishing the absence of a genuine issue

2

of material fact and entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Anderson*, 477 U.S. at 247. In addition, the non-moving party is entitled to all reasonable inferences to be drawn from the facts. *See Matsushita*, 475 U.S. at 586. The court also examines the pleadings and evidence in the light that is most favorable to the nonmoving party. *See Anderson*, 477 U.S. at 255. Only once the moving party has met its burden is the nonmoving party required to present evidence in opposition. *Id.* at 257 (holding the non-moving party "must present affirmative evidence in order to defeat a *properly supported* motion for summary judgment") (emphasis added).

In their Motion, Plaintiffs have made the unsubstantiated assertion that Defendants James Rigney and Ronald Kraszewski signed Mediation and Confidentiality Agreements, but "they did not have capacity to enter into the agreement because they do not have legal authority to relinquish their sovereign immunity," and there was no consideration provided, allegedly resulting in fraudulent inducement. However, Plaintiffs have not provided any evidence whatsoever in support of their legal conclusion, thereby failing to satisfy their burden of establishing the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Matsushita,* 475 U.S. at 586-87; *Anderson*, 477 U.S. at 247.

In addition, under Virginia law, a plaintiff asserting a cause of action for fraudulent inducement bears the burden of proving by clear and convincing evidence the following elements: "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage

3

to the party misled." *See Persaud Companies v. IBCS Group, Inc.*, Nos. 10-1514, 10-1518, 2011 WL 1542298 (4th Cir. Apr. 25, 2011) (citing *Evaluation Research Corp. v. Alequin,* 439 S.E.2d 387, 390 (Va. 1994). In this case, Plaintiffs have neither alleged nor proved any of the elements necessary to support a claim of fraudulent inducement.[1]

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' Motion for Partial Summary Judgment.

Respectfully submitted,

TIMOTHY J. HEAPHY
United States Attorney

Dated:  January 29, 2014

s/ Kartic Padmanabhan
Kartic Padmanabhan
Assistant United States Attorney
Virginia State Bar No. 74167
P. O. Box 1709
Roanoke, VA  24008-1709
Phone:  (540) 857-2250
E-mail:  kartic.padmanabhan@usdoj.gov

OF COUNSEL:

Dorian Henriquez-Simons, Attorney
United States Department of Agriculture
Office of Regional Counsel
1718 Peachtree Road
Suite 576
Atlanta, GA 30309

---

[1] Even if North Carolina law were to apply, rather than Virginia law, Plaintiffs would still not be entitled to summary judgment. Under North Carolina law, the "essential elements of fraud [in the inducement] are: (1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Media Network, Inc. v. Long Haymes Carr, Inc.*, 678 S.E.2d 671, 684 (N.C. Ct. App. 2009) (quoting *Rowan County Bd. of Educ. v. U.S. Gypsum Co.*, 418 S.E.2d 648, 658 (N.C. 1992)) (alteration in original) (adopting the elements of fraud as the elements for fraud in the inducement). Plaintiffs have failed to demonstrate any of these elements.

4

CERTIFICATE OF SERVICE

I hereby certify that I have on this 29th day of January, 2014, filed the foregoing Defendants' Memorandum in Opposition to Plaintiffs' Motion for Partial Summary Judgment using the Court's CM/ECF system, which will provide electronic notice to the following:

Katherine DeCoster
Assistant Attorney General
Office of the Attorney General
204 Abingdon Place
Abingdon, VA  24211
Counsel for Defendant Wanda Johnson

and mailed a true and correct copy thereof by the United States Postal Service to the following non-CM/ECF participants:

Christopher B. Julian
Renee G. Julian
474 Orchard View Drive
Ararat, VA  24053

/s/ Kartic Padmanabhan
Kartic Padmanabhan
Assistant United States Attorney

5