CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

FEB 03 2014

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

Christopher B. Julian

474 Orchard View Drive

Ararat Virginia, 24053

980-254-1295

Christopher.b.julian@gmail.com

Pro Se    *Plaintiff*

## UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF VIRGINIA

### *DANVILLE DISTRICT*

| | |
|---|---|
| <u>CHRISTOPHER B. AND RENEE G. JULIAN</u><br><br>　　　　Plaintiff(s),<br><br>　vs.<br><br><u>James Rigney, Et Al,</u><br><br>　　　Defendant(s). | Case Number: <u>4:13CV00054</u><br><br>CHRISTOPHER B. AND RENEE G. JULIAN'S MEMORANDOM POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS RIGNEY ET AL MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) & 12(b)(1). |

## MEMORANDUM OF LAW IN OPPOSITION TO

## DEFENDANTS MOTION TO DISMISS

Plaintiff's submit the following Memorandum of Law in Opposition to Defendant Rigney Et Al's" motion to dismiss pursuant to Rule 12(b)(6) and 12(b)(1).

Motion in Opposition to Rigney Et AL Motion to Dismiss  CASE NO.: 4:13CV00054

# FACTUAL ALLEGATIONS

On October 10, 2012 Plaintiffs, hand delivered to Defendant *"Rigney Et Al"* on his one and only site visit an application for a Farm Ownership Loan (FO) with the U.S. Department of Agriculture, Farm Service Agency (FSA). Shortly there after plaintiffs received a confirmation letter from Defendant *"Rigney Et Al"* form FSA-2303 dated October 10, 2012. (Exhibit AO) In mid October plaintiffs received a notice of incomplete application from Defendant *"Rigney Et Al"* FSA-2304 dated October **19**, 2012. Exhibit(AP). FSA-2304 required plaintiffs to provide additional information with a due date of November **8**, 2012. On November 13, 2012 Plaintiffs received a second notice of incomplete application FSA-2305 dated November **9**, 2012. (Note: dated day after due date of FSA-2304 request). This notice conspicuously stated that if the information was not provided by November **19**, 2012 our FO application would be withdrawn with ***no review, mediation, or appeal rights provided***. (note precisely 31 days after first notice FSA-2304). *See* Complaint, Attachment D, dkt No. 3-4, at 1. Plaintiffs were very disturbed by the receipt of this document. The document came in an envelope (Exhibit AQ) hand addressed unlike any other we had received and inexplicably dated with a postmark of October 22, 2012. (Note the Monday following the weekend after creation of FSA-2304). The items specified on the second notice of incomplete application were not on the list of items requested with the first notice of incompletion FSA-2304. (Exhibit AP) Furthermore, the specified due date gave plaintiffs little time to return the requested documents without forfeiting the applicants rights. Plaintiffs phoned defendant James *"Rigney Et Al"* very upset about this document but did not connect with him on November 13, 2012 (Exhibit AS) 02:13p CHATHA VA 434-432-8387 RM70 3 0.00 There are multiple specifically identifiable unusual facts about this document when compared to the series of documents sent by the Defendant James *"Rigney Et Al"* providing

Motion in Opposition to Rigney Et AL Motion to Dismiss  CASE NO.: 4:13CV00054

Page 2 of 26

substantial circumstantial evidence this document was an intentional attempt by Defendant James *"Rigney Et Al"* to assist plaintiffs in defaulting their own loan application without any appeal rights. Just one such example is the fact it was the only form document sent to have a salutation. Plaintiffs lack sufficient information to prove this document was fraud, however, there is enough circumstantial evidence a jury should decide if it meets the criteria for a preponderance of the evidence. Plaintiffs believe minimal discovery could confirm that in fact this document was fraud, conspiracy to defraud, mail fraud, and collaborating evidence of the intent to defraud found in the declination letter. Furthermore, if this document was fraudulently produced its evidence of an intentional attempt to defraud the Plaintiffs with malice as it would have to have been created on or before October 19, 2012. Plaintiffs state this is why they first alleged as documented in the hearing briefs Complaint (Exhibit Z) Dkt 3.26 allegations of prejudicial treatment. Plaintiffs requested FOIA information specifically discussed in Complaint (Exhibit W item 2 and Exhibit AD) P 9 item 2 which was requested for the very purpose of proving beyond a reasonable doubt the truth of this allegation. After responding to the request with certified delivery of the requested items. Plaintiffs received confirmation the application was deemed complete on November 19, 2012. (Note precisely the same 31 calendar days after the initial notice, and the same date the items in the second notice of incomplete application specified our application would be dropped without appeal rights.) Plaintiffs provide the detail on this now as further evidence of predicate acts and only now as we were instructed that the Administrative appeal process was not a venue for discussions of negligence, fraud, or prejudicial treatment. On or around November 28, 2012 FSA, James *"Rigney Et Al"* issued a letter denying Plaintiffs FO loan application on the basis the proposed uses of loan funds were for ineligible purposes. This letter was rife with misrepresentation, fraudulent representations

Motion in Opposition to Rigney Et AL Motion to Dismiss  CASE NO.: 4:13CV00054

and inaccuracies. *See* complaint, Exhibits A. and B Dkt. No 3-1 and 3-2. In the letter Exhibit A Dkt No 3-1 FSA informed Plaintiffs of their appeal rights, specifically informing them that they may request reconsideration by the Farm Loan Manager, request mediation through the Virginia State Mediation program as part of FSA's informal appeal process, or appeal the determination to USDA's National Appeals Division.

By letter dated December 10, 2012, Plaintiffs requested mediation with the Virginia Agricultural Mediation Program with the Virginia State University Complaint Exhibit F Dkt No. 3-6. Plaintiffs allege multiple attempts to schedule mediation with no response as outlined in the Motion response Dkt No 22. Plaintiff s state for the record although, they were informed during the process the Virginia State Farm Loan Chief had just learned of Virginia State Universities Mediation Program certification revocation. Whether the hearsay statement was true remains to be determined by discovery. Plaintiffs assert after their communication with the "online assistance system" they received communication from defendant J. Calvin Parrish, *"Rigney Et Al"* Virginia State Executive director, which did not acknowledge the issues that occurred with the Virginia State University mediation program *See* Complaint Exhibit H Dkt. No 3-8. Thus, Plaintiffs allege that *"Rigney Et Al"* was negligent in sending Plaintiffs to a mediation program that was no longer valid and *"Rigney Et Al"* potentially conspired to defraud plaintiffs Complaint at 6. Plaintiffs believe that this can be determined with discovery.

Subsequently, Plaintiffs requested mediation through the North Carolina Agricultural Mediation Program (NCAMP). *See id.* Prior to mediation Plaintiffs and Defendants *"Rigney Et Al"* signed Mediation and confidentiality Agreements. *See id.* At 11 the subject of the Motion for Summary Judgment Dkt item 27. Additionally, during the mediation process, Plaintiffs requested copies of the credit reports used by *"Rigney Et Al"* Complaint (Exhibit J) Dkt No. 3-10 and (Exhibit I) Dkt

Motion in Opposition to Rigney Et AL Motion to Dismiss  CASE NO.: 4:13CV00054

No. 3-9 to evaluate the loan application, paid for by the Plaintiffs. By Letter dated February 8, 2013, *"Rigney Et Al"* fraudulently provided plaintiffs with a February 8, 2013 credit report.

Plaintiffs also appealed their loan denial to USDA's National Appeals Division. Hearing Officer Jerry L. King *"Rigney Et Al"* heard the appeal. And on May 16, 2013, issued a ruling finding that the loan denial was not erroneous. *See* Complaint, Exhibit AE, Dkt No. 3-31. Plaintiffs allege violation of their due process and civil rights during this process. Furthermore Plaintiffs allege the Hearing Officer ignored and misapplied multiple regulations in his review process. On or around July 17. 2013, Plaintiffs requested Director's review of the NAD Appeal Determination. On July 24, 2013, Director of the National Appeals Division Roger Klurkeld *"Rigney Et Al"*. issued a decision upholding the Appeal Determination that the adverse loan decision was not erroneous. *See* Complaint Exhibit AA, Dkt No. 3-27. Plaintiffs contend the Director ignored the failure of the Hearing officer to properly apply regulations. And the Director evidenced his negligent review of the record by supporting his findings with totally inaccurate facts.

Further, on or around March 13, 2013, Plaintiffs made a Freedom of Information act (FOIA) request through FSA's FOIA Office. By letter dated March 22,2013, Barbara Mclean *"Rigney Et Al"* in FSA's FOIA Office responded to Plaintiffs request. *See* Complaint, Attachement W, Dkt No. 3-23. Plaintiffs allege that the responses to their request contained " inaccurate information, contained no information, or information which indicated negligence of the Agency Business process, educational training and procedures. " Thus, Plaintiffs allege that *"Rigney Et Al"* was negligent and malicious in processing it's FOIA request by not providing documents in its possession. *See* Complaint at 16

Motion in Opposition to Rigney Et AL Motion to Dismiss  CASE NO.: 4:13CV00054

Plaintiffs assert the foregoing facts and others covered in more detail in the complaint establish a pattern of negligent, fraudulent, criminal, activity by an enterprise which orchestrated a system in its program administration designed to perpetrate a massive fraud usurping the constitutional rights of due process, the right to equal justice, the right to a fair and impartial tribunal. A Racket of the most heinous sort because, it's executed by a Government of the people, by the people, for the Government, rather than the People. Plaintiffs allege there is significant circumstantial evidence to support the existence of a conspiracy to defraud plaintiffs by the enterprise. Though Plaintiffs lack sufficient evidence to prove beyond reasonable doubt a conspiracy Plaintiffs believe discovery will provide the needed evidence. Furthermore Plaintiffs contend the evidence will support an allegation of a system to usurp constitutional rights, avoid accountability and responsibility for criminal acts and mask the failure of administrative duties. Such evidence is available in preponderantly, unassailable archives to which the history of this case provides an axiomatic schematic.

## STANDARD OF REVIEW UNDER FED.REV.CIV.P.12(b)(1)

**Rule 12(b)(1) Motion to Dismiss**

A 12(b)(1) motion may take one of two forms: motions that attack the complaint on its face, or a "facial attack," and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings, or a "factual attack." *See* <u>Mortenson v. First Federal Sav. And Loan Ass</u> 'N. , 549 F.2d 884, 891 (3d Cir. 1977). A factual attack is based on extrinsic evidence outside of the pleadings. "In a typical factual attack, the Plaintiff's allegations are not controlling, but are mere evidence on the issue to be considered by the trial court." *See* Rhoades v. United states, 950 F. Supp. 623, 628 (D. Del. 1996). In evaluating a factual attack

Motion in Opposition to Rigney Et AL Motion to Dismiss  CASE NO.: 4:13CV00054

under 12(b)(1), the trial court may weigh the evidence and decide whether it may hear the case. As the Third Circuit said in <u>Mortenson,</u> "no presumptive truthfulness attaches to the plaintiffs allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims. "549 F.2d at 891.

**Rule 12(b)(6) Motion to Dismiss**

The standard on a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is rigorous. "In general, a motion to dismiss for failure to state a claim should not be granted unless it appears certain the plaintiff can prove no set of facts which would support its claim and entitle it to relief." *Mylan Labs., Inc. v. Matkari , 7 F.3d 1130, 1134 (4th Cir. 1993).* Dismissal of a complaint is appropriate only when the complaint does not give a defendant fair notice of a legally cognizable claim and the basis on which it rests. *Bell Atl. Corp.v. Twombly, 550 U.S. 544, 555 (2007).* A plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555). ).* It admits the truth of all material facts that are properly pleaded, facts, which are impliedly alleged, and facts, which may be fairly and justly inferred. *Thompsom V. Skate America, Inc., 261 Va. 121,128 (2001).* A court considering a motion to dismiss construes all well-pled allegations in the complaint in the light most favorable to the plaintiff. Id. A court should grant a motion to dismiss when the plaintiff could prove no set of facts that would entitle him to relief. *NL Indus., Inc. v. Kaplan,7 92 F.2d 896, 898 (9th Cir.1986) Booth v. Old Nat'l Bank, 900 F. Supp. 836, 840 (N.D. W. Va. 1995).* and a reasonable expectation that discovery will reveal no evidence supporting the elements of the claim. *Speaker v. United States HHS CDC, 623 F.3d 1371, 1380 (11th Cir. 2010).* Thus, Rule 12(b)(6) simply calls for enough allegations to raise a plausible claim. A claim is plausible if the complaint contains "factual

Motion in Opposition to Rigney Et AL Motion to Dismiss  CASE NO.: 4:13CV00054

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and there is more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, *U.S.*,129 S. Ct. 1937, 1949 (2009_.

**ARGUMENT**

**Jurisdiction is proper in this court for the following:**

**a, U.S.C. 28 1361.**

**b. Christopher B. and Renee G. Julian "Plaintiffs" in this matter are residents of the state of Virginia in the town of Ararat and the county of Patrick.**

**c. The USDA it's affiliates and individuals are named as defendants in the Complaint "C".**

**d. Title 5 Chapter 7 § 703 "in a court of competent jurisdiction."**

**e. Title 18 Chapter 96 § 1964 (a),(b),(c),(d). "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court"**

**f. Title 18 Chapter 96 § 1965 (a),(b),(c),(d). "under this chapter in the district court of the United States for any judicial district,"**

**g. A constitutional challenge to the FTCA**


**I. *Bivens* Claims (A),(B),(C),(D).**

The pleading with exhibits Note: Federal Rules of Civil Procedure Rule 10 C. S 2. "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."
The Complaint and its exhibits provide the court enough factual content to allow the court to draw a reasonable inference the defendants are liable for the misconduct alleged and there is more than a sheer possibility the defendants acted unlawfully. Furthermore, the body of exhibits

Motion in Opposition to Rigney Et AL Motion to Dismiss  CASE NO.: 4:13CV00054

and the complaint provide the court with ample circumstantial evidence discovery will likely provide further evidence of additional unlawful acts by the defendants.

The Court in its procedures for filing of a complaint by a Pro-SE, instructed Plaintiffs not to cite any Statues, Cases, or make any legal arguments. Therefore, the complaint gave only a factual account of significant details and did not state with particularity the allegations or the predicate acts of a complaint under 18 U.S.C. §1964 (c). However, this action was filed with the court for a violation of this statue and specifically referenced in "C" at 24. Plaintiffs contend the defendants are members of an enterprise, associated in fact. The Enterprise consists of the United States Agricultural Department, Farm Services Agency, National Appeals Division, and Multiple State Agricultural mediation programs, and potential other culpable agencies. The enterprise affects interstate commerce in a multitude of obvious ways and did in dealing with the plaintiffs by denying the loan illegally and void of due process cause harm to the Plaintiffs business and property. This did in fact have an impact on interstate commerce with the production of Apples, Wine Grapes, Apple Wine, Hard Apple Cider, and Viniferous Wine varietals. And market competition of these commodities. The defendants named in the complaint are individual members of the enterprise and as such are being sued in both their individual capacities for monetary relief and in their official capacities for injunctive relief for violation of Title 18 U.S.C. §1962 (d). Defendants in the complaint have in fact committed the predicate acts required under Title 18 U.S.C. § 1961, and established a pattern with multiple violations in this case under Title 18 U.S.C. §1028, Fraud detailed in *See* "C" at 5 Exhibits A & B Dkt 3.1 and 3.2 "C" at 10 Exhibit M Dkt 3-13 "C' at 11 Exhibit O Dkt 3-15 Note: "subject of Partial Summary Judgment" Violations of Title 18 U.S.C. §1341, Mail Fraud *See* "C" at 5 Exhibit A Dkt 3.1. Multiple violations of Title 18 U.S.C §1503 Obstruction of Justice *See* "C" at 15, 17, and specifically "C"

Motion in Opposition to Rigney Et AL Motion to Dismiss  CASE NO.: 4:13CV00054

at 18 in conjunction with Exhibit Y audio recording (not on the Docket). Also refer to exhibit AD last paragraph of page 11 and all of page 12 Dkt 3-30. The referenced items should provide predominantly unassailable evidence to violations of these statues for the court. Additionally, Plaintiffs allege the additional exhibits provided with this filing together with "C" Exhibit D, dkt No. 3-4, at 1. Provide significant circumstantial evidence of additional violations of Title 18 U.S.C. §1028 and Title 18 U.S.C. § 341. Note private actions under Title 18 U.S.C. §1961 bear no requirement of a conviction for predicate acts. *Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479 (1985).*

Furthermore, the new exhibits provide substantial circumstantial evidence of an intentional attempt to defraud the plaintiffs and evidence of a conspiracy to defraud. Plaintiffs' state specifically limited discovery may prove these allegations and add significant weight to an allegation of intent to defraud discussed in "C" at 5. Plaintiffs are not in a Class of individuals subject to a complaint of discrimination for age, race, sex, religion, or national origin however; these actions when proven are unequivocally discrimination or a violation of equal rights under the law. The Complaint and it's exhibits clearly state these individuals failed to follow or understand the rules, regulations, and procedures outlined in the USDA Farm Loan Program, and specified as appropriate actions in multiple USDA FSA program handbooks these individuals are supposed to follow their procedures, " provide due process" in the performance of their duties. Failing to follow the process due as described in the Enterprises own code of conduct, regulations, policies, and procedures is blatant violation of the plaintiffs due process rights. However, Plaintiffs further allege the Enterprise has in fact established policies, procedures, and rules designed and implemented as a scheme a "racket" to abrogate individual rights of due process, usurp the judicial process in violation of individual constitutional rights to equal justice

Motion in Opposition to Rigney Et AL Motion to Dismiss  CASE NO.: 4:13CV00054

and bestow upon incompetent individuals with no training, no educational background, no understanding of the regulations they are interpreting Chevron Difference. Effectively they give a deaf dumb and blind man the keys to the car and freedom to destroy the life, liberty and property of their victims while attempting to abuse sovereign immunity to ensure no one is held responsible or accountable. Consequently, they intentionally deny appellants equal justice under the law by intentionally ensuring the rules are not consistently applied. This racket "**a scam**", is perpetrated by the enterprise for the monetary purpose of avoiding financial risk, it derives income indirectly from a pattern of racketeering activity and uses the proceeds in the ongoing operation of an enterprise affecting interstate and foreign commerce while avoiding responsibility or accountability, for criminal acts of enterprise individuals, and incompetent administrative management of the people's resources. The enterprises actions are solely for the self-preservation of the enterprise making it an enterprise of the people by the people for the **"enterprise".** This is clearly a violation of Title 18 U.S.C §1961(4). *See* United States v. Angelilli, 660 F.2d 23, 31-33 (2d Cir. 1981) " We view the language of 1961(4) as unambiguously encompassing governmental units, … and the substance of RICO'S provisions demonstrate a clear congressional intent that RICO be interpreted to apply to the activities that corrupt public or governmental entities."), cert . denied, 455 U.S. 910 (1982); *See* also G. Robert Blakely,   The civil RICO Fraud Action in Context: Reflections on Bennett v. Berg, 58 Notre Dame L. Rev. 237, 298-299 (1982) (Collecting decisions). In Cianci, 378 F.3d at 78-88, where the First Circuit affirmed the RICO convictions of the mayor of Providence, Rhode Island and associates who operated affairs of an associated-in-fact enterprise consisting of themselves, the city and its agencies and entities to enrich themselves, the court stated that "[a] RICO enterprise animated by an illicit common purpose can be comprised of an association-in-fact of municipal

Motion in Opposition to Rigney Et AL Motion to Dismiss  CASE NO.: 4:13CV00054

entities and human members when the latter exploits the former to carry out that purpose. *See also United States v Warner*, 498 F.3d 666,694-97(7th Cir, 2007), The Seventh Circuit held that the State of Illinois was properly charged as the RICO enterprise that was the victim of corrupt office holders' pattern of racketeering activity.

In evaluating the merits and potential of this action Plaintiffs respectfully request the court consider the following:

1. This agency has for more than three decades been the defendant in 10's of thousands of suits for discrimination and there is a venerable army of individuals with complaints about this enterprise's abuse of Civil Rights and Constitutional violations. These individuals and their former complaints should at the very least be given consideration as further establishing a pattern. The enterprise's long train of abuses in pursuit of increasing the racketeering enterprise includes many designs to reduce U.S. all under absolute despotism.

2. *See* Edmund Boyle v. United Staes of America On Writ Of Certiorari To The United States Court Of Appeals For The Second Circuit In a brief of amicus curiae National Association of shareholder and consumer attorneys (NASCAT) in support of respondent found "of Civil Procedure, the pleading stage should offer a **"low hurdle"** to clear. *City of New York*, 541 F.3d at 449; *See also In re Sumi- tomo Copper Litig.*, 104 F. Supp. 314, 319 (S.D.N.Y. 2000) (Pollack, S.J.) ("Allegations of the existence of a RICO enterprise must meet only the 'notice pleading' requirements of" Rule 8(a) (citations omitted)). Nevertheless, district courts "confuse[ . . . ] what must be pleaded with what must be proved," ignoring that "[i]t is the function of discovery to fill in the details, and of trial to establish fully each element of the cause of action." *Seville Indus. Mach. Corp. v.*

Motion in Opposition to Rigney Et AL Motion to Dismiss  CASE NO.: 4:13CV00054

Case 4:13-cv-00054-JLK-RSB   Document 38   Filed 02/03/14   Page 12 of 26   Pageid#: 395

*Southmost Mach. Corp.,* 742 F.2d 786, 790 (3d Cir. 1984), *cert. denied,* 469 U.S. 1211 (1985). As Judge Posner recognized in *Limestone Devel. Corp. v. Village of Le- mont,* 520 F.3d 797, 805 (7th Cir. 2008), civil RICO plaintiffs may "conduct discovery" to flesh out their evidentiary showing of an association-in-fact. *See also Dubai Islamic Bank v. Citibank, N.A.,* 126 F. Supp. 2d 659, 671 (S.D.N.Y. 2000) ("not always . . . reasonable to expect . . . when a defrauded plaintiff frames his complaint he will have available sufficient factual information regarding the inner workings of a RICO enterprise"). Expecting the pleader to allege pre-discovery what he, she, or it can only obtain in discovery is a classic "Catch-22." *See* Joseph Heller, CATCH-22, 47 (Dell 1985) ("He would be crazy to fly more mis-sions and sane if he didn't, but if he was sane he had to fly them. Yossarian was moved very deeply by the absolute simplicity of [the Catch-22.]")."

3. The Congressional Statement of Findings and Purpose underlying RICO explains that, among other things, RICO was designed to combat activities that weaken the stability of the Nation's economic system, harm innocent investors and competing organizations, interfere with free competition, seriously burden interstate and foreign commerce, threaten the domestic security, and undermine the general welfare of the Nation and its citizens . . . .

4. Pub. L. No. 91-452, 84 Stat., at 922, 923. Indeed, Congress created RICO to provide new and expanded criminal and civil remedies to vindicate the public's interest in combating racketeering activity and "to free the channels of commerce" from such unlawful conduct.

5. A principal and wholly proper use of RICO by the Government or **"Private Attorney**

Motion in Opposition to Rigney Et AL Motion to Dismiss  CASE NO.: 4:13CV00054

**Generals"** is to prosecute political corruption cases where the enterprise is usually defined as the governmental agency, political office, and the like. *See* G. Robert Blakey & Thomas Perry, *An Analysis of the Myths That Bolster Efforts to Rewrite RICO and the Various Proposals for Reform: "Mother of God is This the End of RICO?,"* 43 VAND. L. REV. 851, 1020 (1990)

6. The Supreme Court has repeatedly emphasized that courts are vested with extensive equitable powers to fashion appropriate remedies to redress unlawful conduct. For example, in Swann v. Charlotte-Mecklenburg Bd. of Educ., 402 U.S. 1 (1971), the Supreme Court stated: Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies. "The essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case. Flexibility rather than rigidity has distinguished it. The qualities of mercy and practicality have made equity the instrument for nice adjustment and reconciliation between the public interest and private needs as well as between competing private claims." Hecht Co. v. Bowles, 321 U.S. 321, 329-330 (1944).

7. It is Plaintiff's desire to bring the full weight and power of federal authority upon high to bear down upon the RICO; which also has issues of negligence, fraud and other criminal offenses.

8. Complainant seeks the courts assistance through the Federal Rules of Civil Procedure as are necessary to resolve these nationally significant, troubling matters of this RICO.

9. Plaintiff invokes his Civil Right to become a "Private Attorney General" against Defendants Racketeering enterprise. A Civil Right affirmed by the U.S> Supreme Court

Motion in Opposition to Rigney Et AL Motion to Dismiss  CASE NO.: 4:13CV00054

in the Case of Sedima v. Imrex Co.

10. Plaintiffs seek damages treble, pursuant to Title 18 §1964(c).

## SUIT IN OFFICIAL CAPACITY

Plaintiffs believe it appropriate to sue Defendants *"Rigney Et Al"* in their official capacity for injunctive and equitable relief in the form of changes in rules, policies, and procedures for fairer, more transparent, legal and appropriate treatment throughout all of the Enterprises activities. To provide safe guards for America's future security against such organized criminal enterprises especially heinous when executed by government agencies and Government officials violating statues, acting outside the law, and their official duties. Plaintiffs contend this is of general public importance as defined in Title 18 U.S.C. §1966.

As congress abrogated sovereign immunity in creation of the Federal Tort Claims ACT so to should that abrogation apply to 18 U.S.C 1961.1962.1964, as RICO was designed to augment existing civil and criminal remedies?

### Suit in individual Capacity

Plaintiffs believe Defendants, *"Rigney Et Al"* should be sued in their individual capacities and denied qualified immunity. "When an individual governmental employees fail to act in accordance with duties imposed upon them by law or governmental employer, then they are not entitled to immunity."

Several of the Defendants failed on multiple levels and on multiple fronts to perform their duties appropriately as defined by the Agencies own process handbooks. They stepped outside of their designated duties and with specific intent violated multiple statues of law. Plaintiffs alleged and do allege these acts were performed with specific malicious intent and done with intentional negligent, fraudulent, prejudicial treatment. These are not consistent

Motion in Opposition to Rigney Et AL Motion to Dismiss  CASE NO.: 4:13CV00054

with the agencies own stated code of conduct and therefore were acts of individuals outside their official capacities.

When the entire body of evidence is revealed, though this complaint and it's documentation already spans hundreds of pages way beyond the FRCP 8(a)(2) requirement the whole story provides a significant body of circumstantial evidence, which should be given the prevue of a jury, yet to be augmented by discovery, the Defendants participated in a conspiracy augmented by a racketeer influenced corrupt organization to defraud Plaintiff's and conspired to protect and cover up the intent to defraud, and illegal, negligent, fraudulent, transgressions of *"Rigney Et Al"*

## II. FTCA Claims

Plaintiffs did not file this action as a suite for negligence under the Federal Tort Claims ACT. As aforementioned, and consequently, its provisions should have no bearing on jurisdiction in this action. Furthermore. Plaintiffs would argue for the record the following:

1. The Defendants 'Rigney et al' did in fact bar presentation of these tort allegations in the administrative hearing albeit they were presented in briefs and therefore the Enterprise was given due notice of the existence of these allegations.

2. The Enterprise *"Rigney Et Al"* instructed the plaintiffs where to file complaints of these allegations but never provided any notice "Due Process" to the plaintiffs of any requirement to seek approval prior to taking a court action.

3. In the Pre Hearing Plaintifs inquired about seeking action in federal court and not once did *"Rigney Et Al"* provide notice of any administrative requirement other than completing the Administrative hearing process. Which by letter from Defendant Roger Klurfeld was completed *See "C"* Exhibit AB Dkt 3-28 "The enclosed determination is a

Motion in Opposition to Rigney Et AL Motion to Dismiss  CASE NO.: 4:13CV00054

final order of the Department of Agriculture and concludes **"all"** administrative processing of your appeal."

4. Plaintiffs did file notice through the proper prescribed channel and followed up diligently to ensure that the appropriate authorities did in fact receive the complaints. However, to date after 7 months not one single action of any kind has been disclosed to the plaintiffs. That is to say Plaintiffs are unaware to this date the "<u>USDA</u>" Inspector General has acted at all on that complaint. Accordingly, Plaintiffs are left suspecting the "USDA' Inspector Generals office is infected by the corruption of the enterprise.

5. The *"Rigney Et Al"* failed to provide notice "Due Process" to Plaintiffs of their right to Judicial Review.

6. Plaintiffs have met with fraud, negligence, obstruction of justice and apparent conspiracies of corruption at every proper venue of grievance. Should any different response be expected in the filing of an administrative claim 28 U.S.C. 2671-2680" with a Racketeer Influenced Corrupt Organization?

7. To the extent there are multitudes of actionable offenses Under the FTCA of negligence, fraud "misrepresentation", violations of the Fair credit-reporting act "FCRA" which should not go unaddressed nor barred of presentation to a jury, although, they are not predicate acts of the RICO allegation and might be properly brought the United States. Plaintiffs would argue the following:

   a. It would be in this instant RICO filing a violation of plaintiffs constitutional right to Due process to require Plaintiffs to request permission "I.e make an administrative claim 28 U.S.C. 2671-2680" to a Racketeer Influenced Corrupt Organization for permission to file suit against the RICO for being a Racketeer

Motion in Opposition to Rigney Et AL Motion to Dismiss  CASE NO.: 4:13CV00054

Influenced Corrupt Organization.

b. As a General Rule RICO is Not Preempted by Other Statutes. The issue whether other statutes pre-empt RICO charges has arisen in both civil and criminal RICO cases. This issue is addressed in OCRS' Civil RICO Manual (Oct. 2007) at 272-82. Briefly, RICO was designed to augment existing civil and criminal remedies, and therefore, RICO, as a general rule is not pre-empted by other, even more specific statutes. *See* id. at 273-74, 276 and notes 289 and 291.

c. The *"Rigney Et Al"* was notified in "March, again in June of these torts yet not until raising the issue as a defense were the Plaintiffs ever given notice of an administrative claim requirement. This is something of Lawyers and Government agencies not common knowledge of the civilian population or Pro Se Litigants "Farmers".

d. Requiring the filing of a claim under 28 U.S.C 2671-2680 to a racketeer influenced corrupt organization would provide a Government Agency the power to avoid charges under Chapter **18 U.S.C. §1961** and effectively render the statue useless in application against U.S. government agencies in direct conflict to the substance of RICO'S provisions which demonstrate a clear congressional intent that RICO be interpreted to apply to the activities that corrupt public or governmental entities.

8. Title 18 Chapter 96 **§1961, 1962, 1964,** are not subject to a statue of limitations. Requiring Plaintiffs to submit an administrative claim would only serve to prolong justice.

9. Plaintiffs would allege this is just one more tool being abused by the enterprise to effect

and prolong the torture and abuse of their victims, avoiding accountability, responsibility and protecting the enterprises true interest of self preservation.

### III. Plaintiffs allege defendants violated their constitutional rights to Due Process.

1. The Complaint in conjunction with Exhibits provided, sufficiently states a plausible claim under 42 U.S.C § 1983.

To state a claim under 42 U.S.C. § 1983, a plaintiff must *allege* two things: first, that they suffered a deprivation of a right provided by the Constitution or other statute; and second, that an individual acting under color of state law committed that deprivation. West v. Atkins , 487 U.S. 42, 48 (1988). Congress bestowed by congressional act with the establishment of the 2008 – 2012 Farm Bill an interest in federally funded farm loans to applicants meeting established requirements. Specific portions of those loans were designated to beginning Farmers. Plaintiffs met all the requirements to be granted interest in those loan proceeds and therefore had a right to due process by *"Rigney Et Al"* in processing of their loan application. *"Rigney Et Al"* as is discussed above , in the Complaint, and in the exhibits, failed to provide due process for the following reasons:

1. *"Rigney Et Al"* did not follow the prescribed policies and procedures in the agencies handbooks. In multiple instances defendants grossly failed to follow the procedures outlined in the program handbooks violating Plaintiffs due process rights.

2. *"Rigney Et Al"* lacked the knowledge training and education to properly perform their duties. Another due process violation.

3. *"Rigney Et Al"* stepped way outside the agencies "enterprises" code of conduct. In fact from the complaint exhibits and discovery Plaintiffs can establish *"Rigney Et Al"* did

Motion in Opposition to Rigney Et AL Motion to Dismiss  CASE NO.: 4:13CV00054

with specific intent, malice, and forethought set out to defraud plaintiffs and did make intentional fraudulent representation to plaintiffs in the process. Surely this is not in the interest of the agency or congress and falls far beyond the outer limits of legitimate governmental action. It should be further noted Congress mandated a portion of these loan funds specifically be granted to beginning farmers. The requirements for participation in this program creates a unique limited class of individuals in any given year who meet the requirements further defined in any given region and refined by diversity in that pool. Therefore plaintiffs are in a very small class of individuals who were eligible for participation in the 2012 beginning farmer farm ownership loan program in the state of Virginia and were intentionally prejudicially discriminated against by the actions of *"Rigney Et Al"*.

4. Sindoni v. Young, 1995 U.S, App. L exis 26755 (4th Cir. Sept . 20, 1995) had as it's basis a very different set of circumstances. The loan in question was an emergency funding loan request. Not a request for participation in a Congressionally mandated loan program for which the applicant had been granted, by congressional act a liberty and interest. If Congress intended for Loan Applicants to have no rights and no liberties attach for applicants to these programs, then why has congress mandated and provided for mediation, Administrative appeal, and Judicial Review?

When a government harms a person without following the exact course of the law, it constitutes a due-process violation, which offends against the rule of law.

## IV. Claim under the Administrative procedures ACT.

It is pursuant to Chapter 7 of Title 5 §703 " Plaintiffs contend Judicial review is provided for in conjunction with this civil action against the Agency, Officers, and individuals. "If no

Motion in Opposition to Rigney Et AL Motion to Dismiss  CASE NO.: 4:13CV00054

special statutory review proceeding is applicable, <u>the action for judicial review may be brought</u> <u>against the United States, the agency by its official title, or the appropriate officer.</u> Except to the extent that prior, adequate, and exclusive opportunity for judicial review is provided by law, agency action is subject to judicial review **in civil** or criminal proceedings for judicial enforcement."

Plaintiffs believe the complaint and its exhibits make it substantially clear the rulings by the Hearing officer and the Director were arbitrary, capricious, and an abuse of discretion, and not in accordance with law. That these individuals failed at multiple levels on multiple issues to properly consider important aspects of the problem or to even follow the agencies prescribed procedures. Each of these Officers offered explanations for their decisions that run counter to the evidence before the agency. The court must "defer to the agency's interpretation unless it is plainly erroneous or inconsistent with the regulation and it was and is." But the Court is only obliged when it relates to an interpretation of statue not when it relates to interpretation of a rule in the agency's handbook. In this instant RICO case the Agency has consistently afforded Chevron deference to members who lack the knowledge skills or training to understand the subject matter. Furthermore they have consistently ignored the fact the Agencies interpretation is so vague, confusing, incomprehensible, that it is a clear violation of due process rights. And the Agency has an established racket to afford Chevron Deference to members of the enterprise even though they have no knowledge or training on the subject. Effectively, this administrative abuse of Chevron Deference allows members of the enterprise to avoid accountability or responsibility leading only those willing to take matters before a Federal Judge a chance of justice.

Furthermore it is believed "alleged" these individuals either by direction of and for a corrupt enterprise, or by specific intent conspired to defraud plaintiffs of a fair and impartial tribunal and

Motion in Opposition to Rigney Et AL Motion to Dismiss  CASE NO.: 4:13CV00054

the extent of their conspiracy should be left to discovery and the validity of the circumstantial evidence of such to convict, to a jury.

## PLAINTIFF'S ARGUE THE DEFENDANTS REQUEST FOR QUALIFIED IMMUNITY SHOULD BE DENIED.

We ask the court in the following section to refer to the definition of state as provided in 18 U.S.C. §1961(2) "STATE" means any State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, any territory or possession of the United States, any political subdivision, or any department, agency, or instrumentality thereof; And once again note: RICO was designed to augment existing civil and criminal remedies.

While " Admittedly, no single all inclusive rule can be enunciated or applied in determining entitlement " to immunity. *James, v. Jane 221 Va. at 53, 282 S.E.2d*

For this argument we ask the court first consider the four-part nonexclusive factors explained by the Supreme Court of Virginia in *James [v. Jane]*. The Supreme Court of Virginia has explained: "In *James [v. Jane]* we developed a test to determine entitlement to immunity. Among the factors to be considered are the following:

1. The nature of the function performed by the employee;

2. The extent of the state's interest and involvement in the function;

3. The degree of control and discretion exercised by the state over the employee; and

4. Whether the act complained of involved the use of judgment and discretion."

*Messina v. Burden.228 Va. 301,313,321 S.E.2d 657,663 (1984) (citing James v. Jane, 221 Va. At 53,267 S.E.2d at 113).* Plaintiffs believe 1. Defendants *"Rigney Et Al"* had a duty to perform their functions with the USDA to use due care in handling loan request, request for mediation, request for NAD hearings and the Administrative appeal process.

Motion in Opposition to Rigney Et AL Motion to Dismiss  CASE NO.: 4:13CV00054

1. Plaintiffs would argue many of these functions are ministerial functions and not functions of discretion.

2. The State or Agency had no interest in these individuals failing to perform their duties according to Agency defined procedures. Additionally, the agency had no interest in these individuals violating federal statues or their purposeful malicious intent to deny Plaintiffs due process in proper handling of a loan request.

3. The Agency should have control of their employees and a responsibility to provide them with appropriate training to perform the functions of their assigned duties.

4. In some cases these individuals were responsible to use judgment and discretion, however they either lacked the formal training or experience to properly perform their assigned duties or were influenced in their actions by the corruption of the enterprise. Furthermore and of greater consequence was intentional unlawful diversion from their responsibilities and their obligation of due care to the applicants and the agency.

Secondly, Plaintiffs would ask the court to consider the arguments previously presented 1. That Defendants *"Rigney Et Al"* violated the plaintiffs due process rights by failing in their duty of due care. 2 That plaintiffs believe the Defendants committed multiple acts of fraud, mail fraud, and intentionally with malice and forethought attempted to defraud the Plaintiffs loan application. 3. That Defendants *"Rigney Et Al"* neglected their duty to handle the Plaintiff's loan request, mediation notification, and showed a complete lack of care on the Defendant's part, the absence of even slight diligence, or the want of even scant care for the Plaintiff's liberty, interest, and regulatory right to due process with the assessment of a loan application and the administrative procedures that followed. Effectively, Plaintiffs ask the court to consider the

Motion in Opposition to Rigney Et AL Motion to Dismiss  CASE NO.: 4:13CV00054

Case 4:13-cv-00054-JLK-RSB   Document 38   Filed 02/03/14   Page 23 of 26   Pageid#: 406

degree of negligence by Defendants *"Rigney Et Al"* and would specify the desire through discovery to establish whether the Defendants *"Rigney Et Al"* factually conspired to defraud plaintiffs and hide unlawful transgressions of the enterprise. "There is no statue which authorizes the officers or agents of the state to commit wrongful acts. On the contrary, they are under the legal obligation and duty to confine their acts to those that they are authorized by law to perform. If they exceed their authority or violate their duty, they act at their own risk." *James v. Jane, 221 Va. At 55, 282 S.E.2d at 870 (quoting Eriksen v. Anderson, 195 Va. 655, 660-61, 79 S.E.2d 597, 600 (1954)). See Bowers v. Commonwealth, Dep't of Highways & Transp.225 Va. 245, 248-249, 302 S.E.2d 511, 513 (1983)* ("Our conclusion is that the immunity of the State from actions for tort extends to State agents and employees where they are acting legally and within the scope of employment, but if they exceed their authority and go beyond the sphere of their employment, or if they step aside from it, they do not enjoy such immunity when they are sued by a party who has suffered injury by their negligence") (quoting *Sayers v. Bullar, 180 Va. 222,230,22S.E.2d 9, 13(1942).* Here we have "'a headless and palpable violation of legal duty respecting the rights of others which amounts to the "absence of slight diligence, or the want of even scant care." *Town of big Stone Gap v Johnson, 184Va 375,378,35 S.E.2d 71,73 (1945)* They did nothing. And they made the deliberate decision not to carry out the duty of their employment. "Deliberate conduct is 'important evidence on the question of gross negligence '"*Chapman, 252 Va at 190,475 S.E.2d at 801(citing Kennedy v. McElroy. 195 Va. 1078, 1082, 81 S.E.2d 436, 439 (1954).* Futhermore, a determination of gross negligence is usually a matter of fact to be decided by a jury. *Chapman, at 190, 475 S.E.2d 801.*

**One Small Historical note:**

Motion in Opposition to Rigney Et AL Motion to Dismiss  CASE NO.: 4:13CV00054

a. This motion for argument presents a constitutional challenge to the provisions of the FTCA as it conflicts with the provisions of Title 18 §1964(c). No notice of constitutional question was filed pursuant to FRCP 5.1(a)(1)(A).

## CONCLUSION

Plaintiffs had a liberty and right to a federally funded loan program and a liberty granted and regulated by congress to due process in the assessment of the loan application and to fair and equal treatment in the application of loan review, mediation, appeal, and judicial review. Plaintiffs contend the loan application was unlawfully denied and plaintiffs have a right to judicial review which plaintiff's request to try before a jury because of other extensive incidental civil matters outlined in the Complaint, Exhibits, and all subsequent motions by the Plaintiffs. For the foregoing reasons, Plaintiffs contend the Defendants *"Rigney Et Al"* request pursuant to Rule 12(b)(6) & 12(b)(1) of the Federal Rules of Civil Procedure and plea of sovereign immunity should be overruled. To the extent this Court may determine the Plaintiffs Complaint failed to state a claim upon which relief may be granted under any particular theory, Plaintiff request leave to amend.

Respectfully Submitted,

Christopher B. and Renee G. Julian Pro-Se

Motion in Opposition to Rigney Et AL Motion to Dismiss  CASE NO.: 4:13CV00054

Case 4:13-cv-00054-JLK-RSB   Document 38   Filed 02/03/14   Page 25 of 26   Pageid#: 408

Christopher B. and Renee G. Julian Pro-Se

474 Orchard View Drive

Ararat Va. 24053

**christopher.b.julian@gmail.com**

980-254-1295


Christopher B. Julian

*[signature: Christopher B Julian]*

Renee G. Julian

*[signature: Renee G. Julian]*

************************************************************************

I hereby certify that on February 3 2014, a true and correct copy of the foregoing instrument has been forwarded by first certified mail to counsel of record.

*[signature: Christopher B Julian]*

Christopher B. Julian Pro-Se

*[signature: Renee G. Julian]*

Renee G. Julian Pro-Se



************************************************************************

Motion in Opposition to Rigney Et AL Motion to Dismiss  CASE NO.: 4:13CV00054

Page 26 of 26