CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

FEB 05 2014

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

Christopher B. Julian
474 Orchard View Drive
Ararat Virginia, 24053
980-254-1295
Christopher.b.julian@gmail.com
Pro Se *Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

*DANVILLE DISTRICT*

| | |
|---|---|
| CHRISTOPHER B. AND RENEE G. JULIAN<br><br>Plaintiff(s),<br><br>vs.<br><br>James Rigney, Et Al,<br><br>Defendant(s). | Case Number: 4:13CV00054<br><br>CHRISTOPHER B. AND RENEE G. JULIAN'S MEMORANDOM POINTS AND AUTHORITIES REPLY TO OPPOSITION BY DEFENDANTS FOR PARTIAL SUMMARY JUDGEMENT. |

**MEMORANDUM OF LAW IN REPLY TO DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGEMENT.**

Reply to Rigney Et al opposition on partial summary judgement    CASE NO.: 4:13CV00054

I. **PLAINTIFFS MOTION FOR SUMMARY JUDGEMENT SHOULD NOT BE DENIED.**

A. Refer to all the reasons provided in Plaintiffs response to the Defendants motion to dismiss why jurisdiction is proper in this court and why the FTCA is moot. Dkt 38

B. Federal Rules of Civil Procedure Rule 56 (b) Time to file a motion unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until after 30 days after the close of all discovery.

II. **What genuine issue of material fact is present is not clear from the defendant's motion other than jurisdiction.**

A. Plaintiffs established in the Complaint "C" Exhibit N dkt 3.14 the existence of a confidentiality agreement and an agreement to mediate. The document is initialed on pages 1-3 and signed on page 3 by the Defendants James Rigney and Ronald Kraszewski.

   I. Does the Defendant challenge the validity of this document, these signatures?

   II. Surely the Defendants do not Challenge the Sovereign Immunity they have plead for. Defendants have plead their right to absolute and qualified sovereign immunity. See motions to dismiss dkt 16 & 28.

   III. Defendant Wanda Johnson argued that immunity could only be abrogated by Congress or waived by the State. See Motion to Dismiss, plea of sovereign immunity and memorandum in support page 5 dkt 16.

B. Plaintiffs established with Exhibit O dkt 3.15 an expressed desire to ensure all parties to the agreement were entering the agreement on equal footing.

C. Plaintiffs Pro-Se did not proscribe to the idea or understand that a motion would necessitate providing the court with evidence of the required elements of a contract nor are we certain just what the appropriate civil procedure for such would be. We argue it is common knowledge among legal scholars that the 6 requirements of a valid contract are: Agreement, Consideration, Contractual Capacity, Legality, Voluntary Consent, and Form. If one or more of these necessary elements are missing, the contract is void or voidable.

III. Baring evidence, Plaintiffs could not find, there is no evidence of a Congressional action or wavier for the defendants in signing of these agreements and the Defense has argued they have Immunity.

IV. Fraudulent inducement aside, the only consideration plaintiffs receive from the signed agreement is assurance the defendants could be legally held to the agreement. However, with a plea of sovereign immunity this is simply a fallacy. i.e. No Consideration.

V. Provided, as pleaded by the defendants sovereign immunity is only revocable by congressional act or wavier then defendants lack contractual capacity to enter into the agreements.

VI. A lack of consideration given and a lack of contractual capacity to enter these agreements make the agreements void or voidable.

VII. Plaintiffs allege the RICO enterprise is well aware of the individuals sovereign immunity, utilizes this knowledge in providing these agreements as a means to use information gained in mediation to augment the enterprises efforts of mitigating legal risk, effectively providing financial gain for the enterprise by reducing legal loss of the people, by the people, *for the enterprise*.

Plaintiffs respectfully note we live in a remote rural location and access to legal information is limited to searches of the Internet and the local library, which has no law library. We attempted prior to filing of the motion to find any legal precedent for challenging these agreements but found none.

## Conclusion

**For the foregoing reasons, Plaintiffs respectfully request that this Court Void the Agreements.**

Respectfully Submitted,

Christopher B. and Renee G. Julian Pro-Se

Christopher B. and Renee G. Julian Pro-Se

474 Orchard View Drive

Ararat Va. 24053

christopher.b.julian@gmail.com

980-254-1295

*Christopher B. Julian* (signature)
Christopher B. Julian

*Renee G. Julian* (signature)
Renee G. Julian

Reply to Rigney Et al opposition on partial summary judgement   CASE NO.: 4:13CV00054

Page 4 of 5

*********************************************************************

I hereby certify that on February 4 2014, a true and correct copy of the foregoing instrument has been forwarded by first certified mail to counsel of record.

_____
Christopher B. Julian, Pro-Se

_____
Renee G. Julian Pro-Se

*********************************************************************

Reply to Rigney Et al opposition on partial summary judgement    CASE NO.: 4:13CV00054