IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER B. JULIAN and RENEE G. JULIAN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| THOMAS J. VILSACK, Secretary United States Department of Agriculture, | ) ) ) |
| Defendant. | ) ) |

Civil Action No. 4:13-CV-00054

## U.S. DEPARTMENT OF AGRICULTURE'S ANSWER

Thomas J. Vilsack, Secretary, United States Department of Agriculture ("Agency," or "Defendant"), by counsel, hereby submits the following Answer to Plaintiffs' Complaint:

1. Paragraph 1 of the Complaint lists the Plaintiffs to this action to which no response is required.

2. Defendant admits that the only Defendant to this action is the U.S. Department of Agriculture. Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint is a jurisdictional statement to which no response is required.

4. Paragraph 4 of the Complaint contains no allegations and no response is required.

5. Defendant admits only that by letter, dated November 28, 2012, Defendant informed Plaintiffs that their application for a Farm Ownership Loan (FO) was denied. Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.

1

6. Defendant admits only that with its November 28, 2012 letter to Plaintiffs, it provided Plaintiffs with their options to appeal the Agency's decision, including, but not limited to, mediation through the Virginia State Mediation Program. Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits that Plaintiffs opted to participate in mediation through the Virginia State Mediation Program. Defendant also admits that Plaintiffs' FO loan application was marked completed on November 19, 2012 and issued a letter on November 28, 2012 disapproving Plaintiffs' loan application. Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits only that on December 10, 2012, Plaintiffs requested to participate in mediation through the Virginia State Mediation Program. Defendant denies the allegation that it conspired with the Virginia State Mediation Program Director to defraud the Plaintiffs. Defendant lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 8 of the Complaint and therefore denies the same.

9. Defendant admits that on January 24, 2013, the Farm Service Agency (FSA) State Executive Director, J. Calvin Parrish, informed Plaintiffs that their request for mediation was timely, that Virginia did not have a certified state mediation program and provided other options for mediation to Plaintiffs. Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits that Plaintiffs elected to proceed with mediation through the North Carolina Agricultural Mediation Program (NCAMP). Further, Defendant admits that on February 8, 2013, the FSA Farm Loan Officer, James Rigney, provided Plaintiffs with a copy of

2

their credit report.  Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits only that it participated in mediation through the NCAMP and signed the Agreement to Mediate and Confidentiality Agreement.  Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to Plaintiffs' correspondence with NCAMP and therefore denies the same.  Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits that Plaintiffs and Defendant attended mediation on February 27, 2013, and it resulted in an impasse between the parties.  Defendant further admits that it withdrew one of its bases for denying Plaintiffs' loan application, which was that Plaintiffs were requesting loan funds to make loan payments.  Defendant also admits that the National Appeals Division (NAD) Hearing Officer declined to hear this issue on appeal.  Further, the NAD Hearing Officer declined to hear the issue regarding Plaintiffs credit report on appeal and referred Plaintiffs to the Agency's Office of Inspector General (OIG) on this issue.  Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits only that Plaintiffs requested reconsideration from the NAD Hearing Officer to address all issues raised by Plaintiffs on appeal.  Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits only that on March 28, 2013, the NAD Hearing Officer responded to Plaintiffs' request for reconsideration, denied their request and referred Plaintiffs to the appropriate offices to file their complaint of fraud, waste, misconduct and discrimination by the Agency. Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

3

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits only that on March 13, 2013, Plaintiffs made a request for documents under the Freedom of Information Act (FOIA) and that Defendant provided the responsive documents to the request that it had in its possession. Defendant denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Admitted.

21. Defendant admits only that, on July 24, 2013, the NAD Director issued his Director Review Determination upholding the Hearing Officer's Appeal Determination. Defendant denies the remaining allegations contained in Paragraph 21 of the Complaint.

22. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Complaint and therefore denies the same.

23. Defendant denies all the allegations contained in Paragraph 23, and its various subparts, of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

## REQUEST FOR RELIEF

25. Defendant denies all allegations contained in the Request for Relief.

## GENERAL DENIAL

Defendant denies each and every allegation in the Complaint that was not specifically admitted or otherwise qualified.

## AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted. Specifically, Defendant's actions complained of in this matter were not arbitrary, capricious, or an abuse of discretion and were in accordance with Part 764 Subpart D of Title 7 of the Code of Federal Regulations.

WHEREFORE, Defendant respectfully requests that Plaintiffs' Complaint be dismissed with prejudice, and judgment be entered in favor of Defendant, together with costs and attorney's fees.

Respectfully submitted,

TIMOTHY J. HEAPHY
United States Attorney

Dated:  April 4, 2014           s/ Kartic Padmanabhan
                                Kartic Padmanabhan
                                Assistant United States Attorney
                                Virginia State Bar No. 74167
                                P. O. Box 1709
                                Roanoke, VA  24008-1709
                                Phone:  (540) 857-2250
                                E-mail:  kartic.padmanabhan@usdoj.gov

OF COUNSEL:

Dorian Henriquez-Simons, Attorney
United States Department of Agriculture
Office of Regional Counsel
1718 Peachtree Road
Suite 576
Atlanta, GA   30309

CERTIFICATE OF SERVICE

      I hereby certify that on April 4, 2014, I filed the foregoing U.S. Department of Agriculture's Answer using the Court's CM/ECF system, and mailed a true and correct copy thereof by the United States Postal Service to the following non-CM/ECF participants:

    Christopher B. Julian
Renee G. Julian
474 Orchard View Drive
Ararat, VA  24053

                                       /s/ Kartic Padmanabhan
                                       Kartic Padmanabhan
                                       Assistant United States Attorney

6

Case 4:13-cv-00054-JLK-RSB   Document 48   Filed 04/04/14   Page 6 of 6   Pageid#: 584