IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

CHRISTOPHER AND RENEE JULIAN,

    Plaintiff,

v.

                                        Case No. 4:13CV00054

USDA FARM SERVICE AGENCY LOAN OFFICER JAMES RIGNEY, et al.,

    Defendants.

**RESPONSE TO MOTIONS FOR SANCTIONS**

    Comes now, Katherine DeCoster, and hereby responds to Plaintiffs' Motions for Sanctions. Plaintiffs move for sanctions under Rule 11 of the Federal Rules of Civil Procedure due to noncompliance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure, which states, "[a] paper is served under this rule by: sending it by electronic means if the person consented in writing--in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served."

**I.    Facts**

    First, counsel is aware that the documents should have been served in accordance with Rule 5 of the Federal Rules of Civil Procedure. It was an oversight that will not happen again. As is evident from the attached email (*see* Exhibit 1), counsel was unaware that Plaintiffs were not on the e-filing system, which automatically sends notification of filings to all parties. *See* also Certificates of Service on Motion for Extension and Motion to Dismiss (noting belief that CM/ECF system would send notification to all parties). On October 15, 2013, counsel e-filed a

1

Motion for Extension, and on October 18, 2013, counsel e-filed a Motion to Dismiss. On October 22, 2013, the Court issued a Roseboro Notice allowing Plaintiffs twenty-one days to file a response to the Motion to Dismiss. On October 28, 2013 at 8:00 p.m., Plaintiffs sent an email to counsel making her aware that they had not received her filed documents. On October 29, 2013 at 10:06 a.m., counsel responded by email and attached all filed documents. *See* Exhibit 1. Plaintiffs responded by email to confirm receipt of the documents. *See* Exhibit 2. On November 8, 2013, Plaintiffs filed a Response to the Motion to Dismiss.

As explained above, Plaintiffs contacted counsel by email and therefore counsel responded by email and provided copies by email. It was apparent that the documents were received because Plaintiffs sent a response email in which they failed to object to service. Additionally, counsel wanted to get the documents to Plaintiffs as quickly as possible to provide them the time necessary to respond. In fact, Plaintiffs filed a response that was not only timely, but early. *See* Response filed 11/8/13 but due 11/12/13. Thus, Plaintiffs' case was in no way prejudiced. While Plaintiffs allege that they noted improper service in their Response, Plaintiffs actually merely noted in their Response that they "did not receive service on the states [sic] motions until after receiving notice from the court." *See* Plaintiffs' Response in Opposition filed 11/8/13. Thus, Plaintiffs did not object to the type of service in their Response, and even admitted to "receiv[ing] service" albeit after the Roseboro Notice. Receipt of the documents on October 29, 2013 falls well within the deadline of November 22, 2013 set by the Court (*see* Order filed 10/21/13) and clearly gave Plaintiffs time to file not only a timely response, but an early response (*see* Response filed 11/8/13 but due 11/12/13). Further, Plaintiffs did not object at the motions hearing which was held on February 25, 2014. This issue has been raised for the first time two months after the Order on the Motion to Dismiss was entered and seven months

after the Motions were filed. Finally, once counsel became aware that Plaintiffs were not on the e-filing system, all further filings were mailed to Plaintiffs as shown in the later Certificates of Service. *See* Reply to Response filed 11/15/13 and Notice of Hearing filed 1/21/14.

**II.     Rule 5 of the Federal Rules of Civil Procedure**

Courts have held that noncompliance with Rule 5(b)(2) may be excused for "exceptional good cause." Salley v. Bd. of Governors, 136 F.R.D. 417, 420 (M.D.N.C. 1991); Switzer v. Sullivan, No. 95-c-3793, 1996 U.S. Dist. LEXIS 1249 (N.D. Ill. Feb. 5, 1996) (good cause found where defendant had received actual notice, had previously agreed to accept service by facsimile, never contacted plaintiff to discuss defect in service, and actually responded to fax). While actual notice is not an exception to Rule 5(b), a party can be excused for noncompliance when they show actual notice plus some other compelling circumstance. Salley, 136 F.R.D. at 420. In fact, in Salley, a district court within the Fourth Circuit held that noncompliance with Rule 5(b) was excused for good cause because defendant had actual notice, had previously responded to faxed transmissions of discovery requests, and had not withdrawn their implicit agreement to service by fax. 136 F.R.D. 417, 420-21; but *see* Fed. R. Civ. P., Rule 5, Notes of Advisory Committee on 2001 amendments. Other courts excused noncompliance with Rule 5(b)(2) where the party had actual notice and made a timely response. Searles v. Pompilio, 652 F. Supp. 2d 432 (S.D.N.Y. 2009); In re Amenia, 200 F.R.D. 200 (S.D.N.Y. 2001); Switzer, 1996 U.S. Dist. LEXIS at *7-8 (excused even with an untimely response); also *see* McKinnie v. Roadway Express, Inc., 341 F.3d 554 (6th Cir. 2003).

Here, any noncompliance should be excused for good cause. First, the attached emails show implicit consent in that Plaintiffs contacted counsel by email and confirmed receipt by email without objection. Second, counsel emailed the documents to Plaintiffs in an attempt to

3

get them the documents as expeditiously as possible.  Third, Plaintiffs had actual notice because they confirmed receipt of the documents by email and filed a response.  Fourth, Plaintiffs filed a response to the Motion in a timely manner and thus were not prejudiced.  Finally, Plaintiffs failed to object in their Response or at the motions hearing and thereby waived the objection and/or are estopped from objecting.  *See* Switzer, 1996 U.S. Dist. LEXIS at 7-8.  For these reasons, any noncompliance with Rule 5(b) should be excused for good cause.

### III. Rule 11 of the Federal Rules of Civil Procedure

Plaintiffs move for sanctions under Rule 11 of the Federal Rules of Civil Procedure.  However, there is "no authority supporting the view that 'sloppy' service may render an otherwise legally and factually justifiable filing sanctionable under Rule 11. … Sloppy service should not be the basis for sanctions under Rule 11 without more indicia of bad faith..."  United States v. Alexander, 981 F.2d 250, 253 (5th Cir. 1993) (regarding "sloppy, improperly handled, and … deficient" service).  In addition, Plaintiffs failed to follow the "safe harbor" provision of Rule 11.  *See* Brickwood Contrs., Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 389 (4th Cir. 2004); Manship v. Brothers, No. 1:11cv1003, 2012 U.S. Dist. LEXIS 19895 at *8 (E.D. Va. Jan. 11, 2012); Wadley v. Park at Landmark, LP, No. 1:06cv777, 2007 U.S. Dist. LEXIS 36624 at *9 (E.D. Va. May 18, 2007).

The Certificates of Service to which Plaintiffs refer state, "I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties."  *See* Motion for Extension and Motion to Dismiss.  As previously stated, this was counsel's belief.  Counsel certainly did not make this inadvertent mistake in bad faith or for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Fed. R. Civ. P. 11(b)(1).  In fact, as soon as counsel realized her mistake, she

4

made every effort to correct it as expeditiously as possible. Moreover, Plaintiffs failed to follow the "safe harbor" provision of Rule 11 by failing to serve the Motions for Sanctions on counsel twenty-one days prior to filing and by filing the Motions for Sanctions after the Court granted Defendant Wanda Johnson's Motion to Dismiss. *See* Brickwood, 369 F.3d at 398; Hunter v. Earthgrains Co. Bakery, 281 F.3d 144, 152 (4th Cir. 2002). Finally, "sloppy service" does not justify Rule 11 sanctions. *See* Alexander, 981 F.2d at 253. Thus, Plaintiffs' Rule 11 motions should be denied.

### IV. Conclusion

For the reasons stated above, this Court should deny Plaintiffs' Motions.

**Respectfully submitted,**

By: /s/ *Katherine DeCoster*
 Counsel

MARK HERRING
ATTORNEY GENERAL

RHODES RITENOUR
DEPUTY ATTORNEY GENERAL

CATHERINE CROOKS HILL
SENIOR ASSISTANT ATTORNEY GENERAL

KATHERINE DECOSTER (VSB# 82696)
ASSISTANT ATTORNEY GENERAL
204 Abingdon Place
Abingdon, VA 24211
Telephone: (276) 628-2759
Facsimile: (276) 628-4375
kdecoster@oag.state.va.us

5

## Certificate of Service

I hereby certify that this, the 23rd day of May, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to Kartic Padmanabhan, Esq. I also mailed the foregoing to Chris and Renee Julian at 474 Orchard View Drive, Ararat, VA 24053.

                                                    /s/ *Katherine DeCoster*
                                                    Assistant Attorney General