CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

AUG 0 4 2014

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

1

Christopher B. Julian

2

474 Orchard View Drive

3

Ararat Virginia, 24053

4

980-254-1295

5

Christopher.b.julian@gmail.com

6

Pro Se   *Plaintiff*

7

# UNITED STATES DISTRICT COURT

8

## FOR THE WESTERN DISTRICT OF VIRGINIA

9

### *DANVILLE DISTRICT*

10

11

CHRISTOPHER B. AND RENEE G.

JULIAN

12

        Plaintiff(s),

13

    vs.

14

15

James Rigney, Et Al,

16

       Defendant(s).

17

18

19

20

       )
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case Number: 4:13CV00054

CHRISTOPHER B. AND RENEE G.
JULIAN'S MOTION OBJECTING TO
DEFENDANTS MOTION FOR JUDICIAL
REVIEW.

21

22

PLAINTIFFS REPLY TO DEFENDANTS MOTION FOR SUMMARY JUDGEMENT.

23

24

Comes now Plaintiff's s Christopher B. and Renee G. Julian with objection to defendants

25

motion for summary judgment Dkt 66, objection to the Courts intent to proceed with judicial

26

review as stated in Dkt 58, objection to the courts order Dkt 46. 1.This matter is not properly

before this Court as the court lacks Jurisdiction. 2. No judicial review short of Title 5 U.S 706(F)

27

28

Objection to Defendants Motion for Judicial Review          CASE NO.: 4:13CV00054

Case 4:13-cv-00054-JLK-RSB   Document 73   Filed 08/04/14   Page 1 of 18   Pageid#: 1024

can proceed as defined which does not VIOLATE the plaintiffs constitutional right to due process under the 5th and 14th amendments to the constitution. Furthermore the agencies action was arbitrary, capricious, an abuse of discretion, and not in accordance with the law or procedures. 3. The Courts order dkt 45 conflicts with Constitutional Articles, Constitutional Amendments, the Federal Rules of Civil procedure, Is in violation of the Judges Oath of office, and in violation of Canon 3A (4) of the Federal Code of Conduct. Further it addresses only a minor part of the suit and dismisses the entire suit without allowing evidence in support of the relief sought.

## REPLY TO DEFENDANTS STATEMENT OF UNDISPUTED FACTS

Defendants have consistently characterized the request to make improvements to an existing dwelling as a request to complete construction of a large dwelling. Dkt 66 P2 page ID # 1002 Par 1 (2). This characterization is a repeated attempt to create the perception the request was to complete construction, when it factually was not and was contested with proof. see Administrative Record P 221 Julian brief page 3 of 11 and audio exhibit F. Furthermore item (3) "The requested funds were to make loan payments" actually included the reference to "3-FLP. (Rev 2) Amend. 1 Par 133C Refinancing of real estate debt is prohibited." Plaintiffs had no real estate debt to refinance.

## APPLICABLE STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact that could lead a tier of fact to find for the non-moving party. *Anderson v. Liberty Lobby, inc.*,477 U.S. 242, 247 (1986). "Material" Facts are those, which under applicable substantive law, may affect the outcome of the case. *Id A* factual dispute is genuine "where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id A* party cannot create a "genuine" issue of "material" fact simply by making assertions in its legal memoranda. *S.A. Empresa De Viacao Aerea Rio Grandense v. Walter Kidde & Co., 690 F. 2d 1235,1238 (9th Cir. 1982).*

Objection to Defendants Motion for Judicial Review          CASE NO.: 4:13CV00054

Case 4:13-cv-00054-JLK-RSB   Document 73   Filed 08/04/14   Page 2 of 18   Pageid#: 1025

The moving party bears the initial burden of demonstrating the absence of material fact for trial. See Celotex Corp V. Catrett, 477 U.S. 317, 323 (1986); Matsushita ELEC. Indus. Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586-87(1986);Anderson, 477 U.S. at 247. If the party seeking summary judgement bears the burden of proof on a particular issue at trial, he must produce evidence showing that no reasonable trier of fact could find against him. See Calderone v. United States, 799 F. 2d 254,259(6th CIR. 1986). But if the party seeking summary judgment does not bear the burden of proof at trial he need only point out that his opponent's case lack essential evidentiary support See Celatex 477 U.S. at 323-25.

## SCOPE OF REVIEW

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

(1) compel agency action unlawfully withheld or unreasonably delayed; and

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

     (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

     (B) contrary to constitutional right, power, privilege, or immunity;

     (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

     (D) without observance of procedure required by law;

     (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

     (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

## ARGUMENTS

I.    **The NAD Director's Review Determination is a Final Determination by the Agency Subject to Judicial Review.**

Objection to Defendants Motion for Judicial Review      CASE NO.: 4:13CV00054

Plaintiffs concede the NAD Director's Review Determination is a final determination by the Agency that may be subjected to judicial review, in accordance with the Administrative Procedures Act under Chapter 7 of Title 5 of the United States Code. However, Plaintiffs contest this courts jurisdiction to perform such a review see Jurdiction Arguments below, furthermore plaintiffs, contend Under Chapter 7 Title 5 §703 "Form and venue of proceedings" the Agency is subject to Civil or Criminal proceedings for judicial enforcement which this court dismissed on jurisdiction. Additionally, Plaintiffs contend the Agency failed in its Due Process requirement of notice by failing to provide the plaintiffs any information at all on the rights of Judicial Review or any requirements of the FTCA thought they had multiple and ample opportunity. They have plead ignorance is no excuse of the law yet they hide there own violation of the law "criminal ignorance" behind sovereign immunity. "The essential elements of due process of law are notice, an opportunity to be heard, and the right to defend in an orderly proceeding."Fiehe v. R.E. Householder Co., 125 So. 2,7(Fla. 1929). "To dispense with notice before taking property is likened to obtaining judgment without the defendant having ever been summoned." Mayor of Baltimore vs. Scharf, 54 MD. 499, 519 (1880).

II. **Defendants have contended it was Congressional intent to have the Agency Fill-In the Gap Contained in the Consolidated Farm and Rural Development Act, and the Agency's Reasonable interpretation should be given deference.**

Plaintiffs contend summary judgment is inappropriate when there is a genuine issue of material fact. Defendants 1. Have provided no evidence to support the assertion congress intended to have the Agency fill-in any gaps. Defendants argue Congress intent was implicit "by not providing a definition for Capital Improvements within the statue"

A Capital Improvement is a well-established concept worldwide. And while legal clarification of what constitutes a Capital Improvement is often required its well established that such a determination is based on the nature of the improvement as a permanent fixture, The length of reasonable time the improvement is expected to last and the relative cost of an improvement to the asset valuation as a whole. There is however, no getting around the fact that multiple sets of rules continue to make this an extremely complicated area of the tax law and hardly an issue congress would expect to be the purview of the FSA. Any interpretations of what constitutes a

Objection to Defendants Motion for Judicial Review          CASE NO.: 4:13CV00054

Capital improvement would necessarily have to abide by IRS tax laws. Even if for the sake of argument you accept the Agencies contention it has an implied authority by virtue of Congress's failure, to define a Capital Improvement. In 30 years of accounting I have never heard of any instance where the construction of a dwelling would be classified as anything other than a permanent fixture and a Capital Improvement. And this would not give rise to the Agencies abuse of power to interpreting the statue to limit a Capital Improvement based on Size Cost and Design, **limits** to cost are typically associated with qualifying an improvement as expenditures rather than a Capital Improvements.

Because Congress may have granted the Agency an implied authority to define what constitutes a Capital improvement does not grant the Agency the right to set limits on Capital improvements. Setting limitations on Capital Improvements is not defining the term.

Defendants, the Court, and Council need to carefully read the Plaintiffs arguments as filed in Briefs for both of the Appeal and the Director review. Plaintiffs have never argued, as stated in Dkt 66 P 9 Pageid # 1009 Par 1. "That the Handbook should be interpreted as stating that the requirement of adequately meeting a family's needs and being modest in size, cost and design is applicable only to dwellings located on a farm:" This statement is like so many others in this case not FACTUAL. Not the FACT! Actually, this statement highlights a significant lack of factual comprehension. You merely need to acknowledge the FACT Plaintiffs dwelling is, was, and always has been on the farm to see the absurdity of Plaintiffs making such an argument. See Complaint "C" at 21.

Plaintiffs have repeatedly argued that the cannons of statutory construction indicate the requirement of modest in size cost and design in the Agencies *guidelines* was intended for the requirement to be applied to the Purchase or Construction of a Complete Dwelling. That the *guideline* was not intended to be applicable to Improvements and this is evidenced by the last sentence which states " However, if the applicant already owns a dwelling located close to the farm, FO funds may be used to repair or improve the dwelling" This statement, the last in the rule, reflects no requirement that improvements to existing dwellings, requires the dwellings to be modest in size cost and design.

Objection to Defendants Motion for Judicial Review          CASE NO.: 4:13CV00054

As Defendants have plead the Framework for assessing the meaning contained in the Act is set forth in Chevron U.S.A. Inc. v Natural Res. Def Council, Inc., 467 U.S. 837 (1984). [hereinafter Chevron] The Supreme Court, in Chevron, established a two-step analysis for evaluating whether an agency's interpretation of a statute it is entrusted to administer is lawful.

## A. Chevron Deference.

### 1. Chevron "Step One"

Chevron step one requires that the reviewing court determine "whether Congress has directly spoken to the precise question at issue." *Id*. at 842. "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id*. at 842-43. Congressional intent may be discerned from the plain terms of the statute and by employing the traditional rules of statutory construction. *See id*. at 843 n.9.

Congress made their intent very clear in the Statue 7 CFR 764.151(b) of the Federal Register states FO Loan Funds can be used to "Make capital improvements to a farm owned by the applicant, for construction, purchase or improvement of farm dwellings, service buildings or other facilities and improvements essential to the farming operation." Congress expressed absolutely no requirement that a home be modest in size cost and design. No limits what so ever. The construction of a dwelling would always be classified as a capital improvement and establishing a limit on its size cost and design by the Agency is not an appropriate interpretation of weather its a capital improvement or not. A dwelling would never be classified as an expense item and limiting its size cost and design bears no inference on this classification. There is no ambiguity in congresses intent with regards to this statue. Congress has not expressed any intent implied or otherwise to limit improvements to dwellings, service building or other facilities and improvements essential to the farming operation in any way. Furthermore Congress would not have intended to have the Farm Loan Program used as a means of class warfare. Nor would congress have any reason to make such a limitation on applicants that already own their farms. The beginning farm loan program was not just for indigents but, a source of funding to promote

Objection to Defendants Motion for Judicial Review          CASE NO.: 4:13CV00054

Case 4:13-cv-00054-JLK-RSB   Document 73   Filed 08/04/14   Page 6 of 18   Pageid#: 1029

rural development and the establishment of new farming operations. If the program were only for the poor then loans would not be specified for use to a farm owned by the applicant. This statue is not silent or ambiguous on the use of funds for capital improvements. Even if Congress implicit by not providing a definition for Capital improvement. Establishing limits on size, cost, and design does not define what a capital improvement is with regards to a dwelling. It merely provides a limit on how much can be spent on the capital improvement where congress did not leave any gap or ambiguity to be interpreted.

**2. Chevron "Step Two"**

If the statute is silent or ambiguous, however, the reviewing court must decide at Chevron step two "whether the agency's answer is based on a permissible construction of the statute." *Chevron*, 467 U.S. at 843. A permissible construction of the statute is not necessarily the best interpretation of the statute or the interpretation that the reviewing court would adopt if interpreting the statute in the absence of an existing agency construction. *Id.* at 843 n.11; *National Cable & Telecommunications Assn. v. Brand X Internet Services*, 545 U.S. 967, 980 (2005) [hereinafter *Brand X*].

The Supreme Court distinguished between explicit and implicit statutory gaps in articulating the standard for determining whether an agency construction is permissible under *Chevron* step two. It explained that an explicit gap in the statutory language constitutes "an express delegation to the agency to elucidate a specific provision of the statute by regulation." *Id.* at 844. Any such interpretations are given controlling weight, unless they are "arbitrary, capricious, or manifestly contrary to the statute." *Id.* Where a gap is implicit, however, a court may not substitute its own construction of a statutory provision insofar as the construction is a "reasonable" policy choice for the agency to make. *Id.* at 844-45.

**3. Agency Interpretations Subject to Chevron Deference**

The Supreme Court clarified in *United States v. Mead*, 533 U.S. 218 (9th Cir. 2001) that not all agency interpretations of a statute qualify for *Chevron* deference. Only "when it appears that

Objection to Defendants Motion for Judicial Review          CASE NO.: 4:13CV00054

Page 7 of 18

Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority" does Chevron deference apply. *Id.* at 226-27. In interpreting Mead, the Ninth Circuit has treated "the precedential value of an agency action as the essential factor in determining whether Chevron deference is appropriate." *Miranda-Alvarado v. Gonzales*, 449 F.3d 915, 922 (9th Cir. 2006) (emphasis in original). Specific examples of agency interpretations meriting Chevron deference identified by the Supreme Court include notice-and-comment rulemaking and formal adjudications. *Mead*, 533 U.S. at 230.

Can the Defendant provide any evidence of Notice and comment rulemaking or formal adjudications with regards to this interpretation?

## B. Modified Skidmore Deference

Other agency constructions, such as "interpretations contained in policy statements, agency manuals, and enforcement guidelines," are "beyond the Chevron pale," but may nonetheless merit some deference under the standard set forth in *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944). *Id.* at 235 (quoting Christensen, 529 U.S. at 587). Applying Skidmore deference, the weight accorded to such an administrative judgment ***"depend[s] upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control."*** *Skidmore*, 323 U.S. at 140.

The rule that the Defendant has demanded significant deference for, is the Agencies interpretation of the Statue 7 CFR 764.151(b) referenced above. An interpretation, which is not represented in any farm loan materials, provided to the applicant prior to making the application. An interpretation plaintiffs have to date found only in the Agencies handbook guide. They ask the court to grant them deference in interpretation of this statue not to provide a definition of what constitutes a Capital Improvement but, their effort to limit the size, cost, and design of a capital improvement. Defendants further are asking the court to grant them deference to apply this restriction on capital improvements not just to applicants wishing to purchase or construct a

Objection to Defendants Motion for Judicial Review        CASE NO.: 4:13CV00054

complete dwelling, as well as, purchase a farm, and finance a down payment but to grant them deference to apply this restriction to applicants that already own their farms and their dwellings. Further they ask the court for greater deference to apply these limits not just to purchase or construction but to improvements on existing structures. And beyond even that Defendants ask the court for deference in interpretation of an interpretation of a statute that is itself so poorly written as to be a violation of Due Process all on its own. Furthermore, the Defendants ask the court for deference in interpretation of this same interpretation which had been altered and therefore, has not been a consistently presented by the Agency. The language of the guideline was actually altered prior to the adverse decision, and prior to the act, which gave rise to the adverse decision. So even the Agencies own interpretation of the rule lacks consistency and no provision was made for transition of the change in interpretation. In fact plaintiffs contend Due process violation by NAD ruling the rule would be applied as written between the application date and the date of the adverse decision which prevented the plaintiffs from making a counter argument to the contention the dwelling was more than adequate to meet family needs. Plaintiffs contend this was a violation of NAD review standards under 7 CFR 11.10(b)(c), and a violation of plaintiffs due process rights under the 5th and fourteenth amendments, and to the constitutional right to equal justice and fair process.

As Documented in the Agency record page 111 Director review request page 3 of 10 and prior in the Appeal Briefs page 310 Julian brief 2 page 3 of 6 Agency personnel negligently, fraudulently, and prejudicially, arbitrarily, and in violation of the Agencies so Called Required procedures never asked a single question. See 3-FLP(Rev.2) Amend 1. Par. 41. D. 5th Bullet. " Agency Officials are required to: Advise applicants of alternatives that would help overcome barriers to being determined eligible, but caution that significant changes may have tax, estate planning, or other legal implications that may require consultation with an accountant, legal counsel, or other qualified expert." When an applicant already owns the Farm, buildings, and equipment debt free, there are countless was to structure the loan request without ever involving an asset that fails to meet such a capital improvement restriction and effectively have the same outcome.

Objection to Defendants Motion for Judicial Review        CASE NO.: 4:13CV00054

U.S. Supreme Court: "We begin with the familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive.:" *Consumer Product Safety Commission et al. v. GTE Sylvania, Inc. et al.*,447 U.S. 102 (1980). "[I]n interpreting a statute a court should always turn to one cardinal canon before all others. . . .[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 112 S. Ct. 1146, 1149 (1992). Indeed, "when the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" 503 U.S. 249, 254.

The agency is asking for more than significant deference in interpretation of a statue there asking to be allowed to run a RICO on a mediation scheme, extraordinary chevron deference, shielded by FTCA, a corrupt appeals process, and abuse of Government power, and Sovereign immunity to interpret their way out being held accountable and responsible for negligence, fraud, and discrimination.

Since the the Plaintiffs complaint was not centered around judicial review and did not detail specific areas for the court to review, were any review of the Administrative record to occur. Plaintiffs request the whole record be reviewed.

## JURISDICTION

As the Defendants stated and plead dkt 66 Page 5 Last par "In Addition , as the administrative record provides the complete factual predicate for the court's review and the factual record is closed"

By the courts own ruling dkt 45 the Court has "addressed only a minor part of the Plaintiffs suit and dismissed the entire suit without allowing evidence in support of the relief sought. Consequently, Plaintiffs are therefore, by the courts order denied Due Process of law. Denied a fair hearing and decision on the legal merits, with redress for just grievances, including damages,

Objection to Defendants Motion for Judicial Review                    CASE NO.: 4:13CV00054

or declaratory relief, Denied the right to have just remedies made accessible and not excessively difficult.

"As the U.S. Supreme Court has held, the right to petition for redress of grievances is 'among the most precious of the liberties safeguarded in the bill of rights'. (Cites) Inseparable from the guaranteed rights entrenched in the First Amendment, the right to petition for redress of grievances occupies a 'preferred place" in our system of representative government and enjoys a sanctity and a sanction not permitting dubious intrusions." Thomas v. Collins, 323 US 516; 65S.Ct 315,322. Indeed, 'It was not by accident or coincidence that the rights to freedom in speech and press were coupled in a single guarantee with the rights of the people peaceably to assemble and to petition for redress of grievances.' ID. At 323" It seems to reason that if the filing is protected, then surely the object of the protected right—of obtaining a due process guaranteed fair hearing of the grievance and redress thereon—is the very essence of the petition Clause.

In fact, the characteristic, which distinguishes petitioning through courts from other forms of petition, is the access to compulsory process of law, wherein the parties are equal before the law. Without ultimate recourse to that compulsory process, there is no reason for government to listen to grievances at all, let alone to redress them fairly.

"The purpose of the statute was to deter public officials from using the badge of their authority to violate persons' constitutional rights and to provide compensation and other relief to victims of constitutional deprivations when that deterrence failed." Carey v. Piphus, 435 US 247 253 (1978).

"Aside from all else, 'due process' means fundamental fairness and substantial justie. Vaughn V. State, 3 Tenn. Crim. App. 54, 456 S.W. 2d 879,883. "Black's law dictionary, 6th Edition, page 500.
Owen v. City of Indepene=dence . "the innocent individual who is harmed by an abuse of governmental authority is assured that he will be compensated for his injury."

Objection to Defendants Motion for Judicial Review          CASE NO.: 4:13CV00054

Case 4:13-cv-00054-JLK-RSB   Document 73   Filed 08/04/14   Page 11 of 18   Pageid#: 1034

Duncan V. Missouri, 152 U.S. 377, 382 (1894). Due process of law and the equal protection of the laws are secured if the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government."

Giozza v. Tiernan, 148 U.S. 657, 662(1893). Citations Omitted. "Undoubtedly it (the Fourteenth Amendment) forbids any arbitrary deprivation of life, liberty or property, and secures equal protection to all under like circumstances in the enjoyment of their rights… It is enough that there is no discrimination in favor of one as against another of the same class. … And due process of law within the meaning of the [Fifth and Fourteenth] amendment is secured if the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government."

Truax v. Corrigan, 257 U.S. 312, 332. "Our whole system of law is predicated on the general fundamental principle of equality of application for the law. 'All men are equal before the law, '"This is a government of laws and not of men, 'No man is above the law,' are all maxims showing the spirit in which legislatures, executives, and courts are expected to make, execute and apply laws. But the framers and adopters of the (Fourteenth) Amendment were not content to depend…upon the spirit of equality, which might not be insisted on by local public opinion. They therefore embodied that spirit in a specific guaranty."

According to Cornell University Law School the words 'Due Process' "have as their central promise an assurance that all levels of American government must operate within the law ("Legality") and provide fair procedures." There is nothing fair about an administrative appeal process that denies presentation of relevant evidence. Plaintiffs have contented from the very beginning the declination letter was negligently, fraudulently and prejudicially prepared. See Complaint "C" at 5 and 13, Dkt 3.30 P3 Par 3, Dkt 3.26 P10 Par 2, Dkt 3.2 P.1. The Agency denied the presentation in the administrative appeal process of evidence on Negligence, Fraud, and Discrimination; This evidenced is also in the Administrative record, and on the Hearing recordings at 104.50 – 105.25. Having denied Plaintiffs the opportunity for presentation of relevant evidence in the hearing, in conflict with program rules Dkt 3.18 (B) "Relevant evidence means evidence that has any bearing on any fact that is of consequence to the case or decision."

Objection to Defendants Motion for Judicial Review     CASE NO.: 4:13CV00054

Plaintiffs state factually that plaintiffs stated in the prehearing that the presentation of this evidence was evidentiary, and supportive, to the burden of proof in this matter. On appeal of the ruling to deny presentation of this evidence Plaintiffs were informed that any allegations of misconduct "negligence", fraud, or prejudice was not appropriate in the appeal hearing. An administrative process that denies the presentation of relevant evidence is to an appellant with the burden of proof not a fair process. It has always been Plaintiffs contention that negligence, fraud, and prejudice are responsible for the denial of our loan application and denying presentation of evidence in support of these facts is an unconstitutional violation of Due Process. This court having dismissed the entire suit other than judicial review of the Administrative record, **"In which the factual record is closed."** has effected commission of the RICO's objective, denying the Plaintiffs constitutional rights 'Due Process" as complained of the in the Complaint at 24. Plaintiffs contend this puts the court and judge Jackson L. Kiser in violation of Title 42 U.S.Code §1983 "Every person who under color of an statute, ordinance, regulation, custom, or usage of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

The Plaintiffs, Pro Se Litigants, in pursuit of what is defined in the Federal Rules of Civil Procedure 8(e) as justice contend this court violated their constitutional right to equal justice and Due Process under the 5th and Fourteenth amendments to the constitution when effecting the order dkt 45 dismissing all but judicial review in this suit.

Plaintiffs state the court had a duty to provide pro se parties wide latitude when construing their pleading papers. When interpreting pro se papers. The Court should have used common sense to determine what relief the party desired. S.E.C. v. Elliott, 953 F.2d 1560, 1582 (11th Cir. 1992). See also, United States V. Miller, 197 F.3d 644,648 (3rdd Cir. 1999)( Court has special obligation to construe pro se litigants' pleadings liberally); Poling v. K. Hovnanian Enterprises, 99 F. Supp. 2d 502,506-07 (D.N.J. 2000).

Objection to Defendants Motion for Judicial Review     CASE NO.: 4:13CV00054

Pro Se litigants "Court submissions are to be construed liberally and held to less stringent standards the submissions of lawyers. If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigants unfamiliarity with rule requirements.

Boag v. MacDougall, 454 U.S. 364, 102 S. Ct 70, 70 L. Ed.2d551 (1982) Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L Ed. 2d 251 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d80(1957)).

Moreover, "the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory."Bonner V. Circuit Court Court of St. louis, 526 F.2d 1331, 1334 (8th Cir. 1975)(quoting Bramlet v. Wilson, 495 F.2d 714,716 (8th Cir. 1974). Thus if this court when this court entertained motions to dismiss this court would have to apply the standards of White v. Bloom 621 F2d 276.

Plaintiffs state plainly this court in its order dkt 45, 46 denied Plaintiffs Due process rights and constitutional right to equal justice under the law by:

Disregarding the Federal rules of civil procedure FRCP 1, 8(a), 10(c). and 15(a)(2).

Affecting manifest injustice by not allowing a single amendment to the complaint having provided preparatory instructions detrimental to the complaint filing subjecting plaintiffs to significant legal attack. Plaintiffs contend this was in direct opposition to FRCP 15(a)(2) "The Court should freely grant leave when justice so requires."

Adding and abetting the Defendants in the commission of a crime by establishing an alibi for which there is no supporting evidence and in direct conflict with evidence submitted.

Ignoring multiple applications of federal statues.

Ignoring a constitutional challenge to the FTCA.

Drafting a Memorandum in support of the defendants laced with LIES, deceit, loaded with deception, and dabbled with misrepresentations.

Objection to Defendants Motion for Judicial Review       CASE NO.: 4:13CV00054

Case 4:13-cv-00054-JLK-RSB   Document 73   Filed 08/04/14   Page 14 of 18   Pageid#: 1037

The presence of malice and the intention to deprive a person of his civil rights is wholly incompatible with the judicial function. U.S. Supreme Court Reports, Pierson v. RAY, 386 U.S> 547 (1967) 386 U.S. 547 Pierson ET AL v. Ray Et al.

When a judge acts intentionally and knowingly to deprive a person of his constitutional rights he exercises no discretion or individual judgment; he acts no longer as a judge, but as a "minister" of his own prejudices. [ 386 U.S. 547, 568].

The Judge, by ignoring guidelines as set by law, did lose jurisdiction in the matter. His acts then became ultra vires or outside of the powers of his jurisdiction.

" Jurisdiction, although once obtained, may be lost, and in such case proceedings cannot be validly continued beyond the point at which jurisdiction ceases". Federal Trade Commission v. Raladam Co. , 283 U.S. 643, 75 L.Ed. 1324 51 S.Ct 587.

For the purposes of review, it has been said that clear violations of laws on reaching the result, such as acting without evidence when evidence is required, or making a decision contrary to all the evidence, are just as much jurisdictional error as is the failure to take proper steps to acquire jurisdiction at the beginning of the proceeding. Borgniw v. Falk Co., 133 N.W. 209.

"No sanction can be imposed absent proof of jurisdiction". Stanard v. Olesen, 74 S. Ct. 768. "Once jurisdiction is challenged, it must be proved" Hagans v. Levine, 415 U.S. 533, n.3.

Without jurisdiction, the acts or judgments of the court are void and open to collateral attack. Mclean v. Jephson, 123 N.Y. 142, 25 N.E. 409.

Under Federal law which is applicable to all state, the U.S. Supreme Court stated that if a court is *"without authority, it judgements and orders are regarded as nullities. They are not voidable, but simply void; and from no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgements or sentences, are considered in law as trespassers."* Elliot v. Piersol, 1 Pet. 328,340, 26 U.S. 328, 340(1828).

Objection to Defendants Motion for Judicial Review       CASE NO.: 4:13CV00054

When a judge acts as a trespasser of the law, when a judge does not follow the law, the judge loses subject-matter jurisdiction and the judges orders are void, of no legal force or effect. The U.S. Supreme Court, in Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 1687(1974) stated that *"When a state officer acts under a state law in a manner violative of the federal constitution , he comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The sate has no power to impart to him any immunity from responsibility to the supreme authority of the United States."* [Emphasis supplied in the original]. By law, a judge is a state officer.

The judge then acts not as a judge, but as a private individual (in his person).

CONCLUSION

The Agency is not entitled to deference in interpreting the definition of Capital Improvements to grant them the right to establish limits on those improvements when none were enunciated in any way by congress. Furthermore, the Agency is not entitled to deference in interpretation of handbooks. Not entitled to deference in interpretation of a vague rule they altered to the point of incomprehension prior to their decision and after the act which gave rise to the adverse decision. The Court and the Judge intentionally and knowingly acted to deprive plaintiffs of constitutional rights and consequently the courts orders dkt 45 and dkt 46 should be null and void and he court should vacate the judgment. Furthermore, having acted as trespassers of the law the court has lost jurisdiction and has no authority to validly to continue with any proceedings.

Submitted,

Objection to Defendants Motion for Judicial Review          CASE NO.: 4:13CV00054

Page 16 of 18

Christopher B. and Renee G. Julian Pro-Se

Christopher B. and Renee G. Julian Pro-Se

474 Orchard View Drive

Ararat Va. 24053

**christopher.b.julian@gmail.com**

980-254-1295


Christopher B. Julian

Renee G. Julian


*****************************************************************************

I hereby certify that on July 2, 2014, a true and correct copy of the foregoing instrument has

been forwarded by certified mail to counsel of record.

Christopher B. Julian Pro-Se

Renee G. Julian Pro-Se

Objection to Defendants Motion for Judicial Review          CASE NO.: 4:13CV00054

Page 17 of 18

CC:   Kartic Padmanabhan
      Assistant United States Attorney
      P.O. Box 1709
      Roanoke, VA 24008

      Katherine M. Decoster
      Office of the Attorney General
      204 Abingdon Place
      Abingdon, Va 24211

      Rhodes B. Ritenour
      Deputy Attorney General
      Office of the Virginia Attorney General
      900 East Main Street
      Richmond, Virginia 23219

      Federal District Court Danville Division
      Clerks Office
      P.O. Box 1400
      Danville, VA 24543

Objection to Defendants Motion for Judicial Review        CASE NO.: 4:13CV00054

Case 4:13-cv-00054-JLK-RSB   Document 73   Filed 08/04/14   Page 18 of 18   Pageid#: 1041