IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER B. JULIAN, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 4:13-cv-00054 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JAMES RIGNEY, ET AL., | ) | By: Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

On May 19, 2014, Plaintiffs Christopher B. and Renee G. Julian ("Plaintiffs") filed two related motions for sanctions against Katherine Decoster, Esq. ("DeCoster") [ECF Nos. 52, 53]. Plaintiffs argue that, under the Federal Rules of Civil Procedure, DeCoster failed to effect proper service in accordance with Rule 5. *See* Fed. R. Civ. P. 5(b)(2)(E). Specifically, Plaintiffs note that, in Defendant Wanda Johnson's Motion for Extension of Time to File Answer [ECF No. 14] and Motion to Dismiss [ECF No. 16], DeCoster certifies that she has "electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties." Plaintiffs argue that service of these documents was improper because they never provided written consent to electronic service,[1] and move for sanctions against DeCoster pursuant to Rule 11. *See* Fed. R. Civ. P. 11. On May 23, 2014, DeCoster filed a Response to Motions for Sanctions [ECF No. 59]. On June 6, 2014, Plaintiffs filed a Reply to Response to Motions for Sanctions [ECF No. 60]. On August 7, 2014, the parties appeared before me for oral argument on Plaintiffs' motions, and the matter is now ripe for disposition.

---

[1] Under Rule 5, a document is served by "sending it by electronic means if the person consented in writing—in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served[.]" Fed. R. Civ. P. 5(b)(2)(E).

As a preliminary matter, I note that sanctions under Rule 11 are intended to deter intentional misconduct, and are not the appropriate vehicle for complaints of defective service. Fed. R. Civ. P. 11; *see United States v. Alexander*, 981 F.2d 250, 253 (5th Cir. 1993) ("Sloppy service should not be the basis for sanctions under Rule 11 without more indicia of bad faith in the filing of the claim.") In this case, I find no evidence of bad faith or prejudice.[2] Counsel made an error which she quickly moved to correct, and Plaintiffs were able to file a response that was submitted three days early.[3] All further filings have been mailed to Plaintiffs in accordance with Rule 5. For these reasons, and for the reasons stated in open court, I hereby **DENY** Plaintiffs' motions for sanctions against attorney Katherine DeCoster.

The Clerk is directed to send a copy of this Order to Plaintiffs and all counsel of record.

Entered this 8th day of August, 2014.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] As DeCoster explains in her Response to Motions for Sanctions:

> On October 15, 2013, counsel e-filed a Motion for Extension, and on October 18, 2013, counsel e-filed a Motion to Dismiss. On October 22, 2013, the Court issued a Roseboro Notice allowing Plaintiffs twenty-one days to file a response to the Motion to Dismiss. On October 28, 2013 at 8:00 p.m., Plaintiffs sent an email to counsel making her aware that they had not received her filed documents. On October 29, 2013 at 10:06 a.m., counsel responded by email and attached all filed documents. . . . Plaintiffs responded by email to confirm receipt of the documents. . . . On November 8, 2013, Plaintiffs filed a Response to the Motion to Dismiss.

(Resp. to Mot. for Sanctions, May 23, 2014, at 1–2 [ECF No. 59].)

[3] I further note that Plaintiffs failed to raise this issue until nearly two (2) months after this Court issued an Order ruling on the Motion to Dismiss, and approximately seven (7) months after the initial email communications. (*Compare* Order, Mar. 24, 2014 [ECF No. 46], *with* Motion for Sanctions, May 19, 2014 [ECF Nos. 52, 53].)